[No. 20657.   Department Two.— July 30, 1890.]

THE PEOPLE, APPELLANT, v. P. J. AYHENS, RESPONDENT.

CRIMINAL LAW— LIMITATION OF MISDEMEANOR— MANDATORY STATUTE. — A prosecution for a misdemeanor is barred by the provisions of the Penal Code, if an information therefor is not filed in the superior court within one year after its commission, provided the defendant has not been absent from the state; and the bar of the statute is imperative and mandatory.

ID. — CONSTRUCTION OF CODE — "INFORMATION" NOT EQUIVALENT TO "COMPLAINT." — The information referred to in section 801 of the Penal Code, which provides that an information for any misdemeanor must be

filed within one year after its commission, is the paper which must be filed by the district attorney in the superior court pursuant to section 809 of the same code, and not the complaint made before a court or magistrate, provided for in section 800.

ID. — FILING COMPLAINT WITHIN ONE YEAR — CONTINUANCE OF EXAMINA-
TION — WAIVER OF LIMITATION. — The statute being imperative that the information must be filed within a year after the commission of the offense, unless the defendant has been absent from the state, it is immaterial that a complaint was filed before a committing magistrate for the issuance of a warrant of arrest within the year; and the granting of continuances of the examination, at the request of defendant, until the bar of the statute against an information has attached, is no waiver of the filing of the information within the time limited by statute.

ID. — PLEADING OF LIMITATION — DEMURRER. — The defendant may demur to an indictment or information, when it appears upon the face thereof that the prosecution is barred by the statute of limitations.

APPEAL from a judgment of dismissal of the Superior Court of San Luis Obispo County, and from an order sustaining a demurrer.

The facts are stated in the opinion.

*F. A. Dorn,* and *J. M. Wilcoxon,* for Appellant.

*William Shipsey,* and *Graves, Turner & Graves,* for Respondent.

BELCHER, C. C. — The defendant was charged with the crime of obtaining property by false pretenses. The information against him was filed in the superior court on the seventeenth day of October, 1889, and it alleged that the crime was committed on the twenty-sixth day of June, 1888. The defendant demurred to the information, upon the ground, among others, that the prosecution was barred by the provisions of section 801 of the Penal Code. The court sustained the demurrer and dismissed the case, and the people appeal.

1. The Penal Code made the offense charged, at the time of its alleged commission, a misdemeanor (secs. 17, 533); and it provided that an information for any misdemeanor must be filed within one year after its com-

mission. (Sec. 801.) It is, however, argued for appellant that the "information" referred to in the above section is the complaint made before a committing magistrate for the issuance of a warrant of arrest, and that, as the complaint in this case was filed within a year, the prosecution was not barred.

The constitution provides as follows:—

"Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law." (Art. 1, sec. 8.)

And the Penal Code contains the following provisions:—

"The complaint is the allegation in writing made to a court or magistrate that a person has been guilty of some designated offense." (Sec. 800.)

"When a defendant has been examined and convicted, as provided in section 872 of this code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the superior court of the county in which the offense is triable an information charging the defendant with such offense." (Sec. 809.)

"All public offenses triable in the superior courts must be prosecuted by indictment or information," etc. (Sec. 888.)

"The first pleading on the part of the people is the indictment or information." (Sec. 949.)

From these provisions it very clearly appears, we think, that the information spoken of in section 801 is the paper required to be filed in the superior court, and not the one filed before the magistrate.

2. It appears, from the bill of exceptions, that the complaint was filed on February 11, 1889; that a warrant was issued and the defendant was arrested and brought before the magistrate on the 25th of the same month, and that thereafter the examination was proceeded with

and continued, from time to time, at the request of defendant, until September 30, 1889, when it was concluded, and the defendant held to answer.

It is claimed that, as the continuances were granted at the request of the defendant, he thereby waived the filing of the information within the time limited by the statute, and therefore cannot now raise the objection. But the statute is imperative that the information *must* be filed within a year after the commission of the offense, unless the defendant has been absent from the state. (Sec. 802.) As well might it be claimed that the bar of the statute could not be invoked if the defendant had persuaded the district attorney to delay filing the information until after the year had expired, or had concealed himself within the state, and thus prevented his arrest and prosecution within the year.

3. It is further contended that the question could not be raised on demurrer. But the code provides that "the defendant may demur to the indictment or information when it appears upon the face thereof . . . . 5. That it contains any matter which, if true, would constitute a legal justification or excuse of the offense charged, *or other legal bar to the prosecution.*" (Sec. 1004.)

We see no error in the rulings of the court, and therefore advise that the order and judgment be affirmed.

FOOTE, C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order and judgment are affirmed.