## UNITED STATES v. ANTHRACITE BREW-ING CO. et al.

### No. 6658.

District Court, M. D. Pennsylvania.

Dec. 24, 1934.

See, also, 11 F. Supp. 1019.

Frank J. McDonnell, U. S. Atty., Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Lawrence H. Rupp (of Butz & Rupp), of Allentown, Pa., for defendants.

JOHNSON, District Judge.

On February 24, 1931, defendants were indicted for violation of section 1017 (b) of the Revenue Act of 1924 (26 USCA § 1266 note), and on December 14, 1931, entered a plea of nolo contendere, but sentence was deferred.

On July 12, 1934, defendants, by their counsel, moved the court for leave to withdraw the plea of nolo contendere, and that they be permitted to plead in bar, and that the indictment be quashed for cer-

tain reasons thereafter enumerated in the motion.

A rule to show cause was granted on the above motion. The United States filed an answer to the motion denying the allegations thereof and averring that they were insufficient to move the court to grant the relief prayed for.

A defendant in a criminal case is not entitled as a matter of right to withdraw a plea duly made to an indictment, but the matter is within the sound discretion of the court. 16 C. J. p. 396, § 728. After a plea of nolo contendere, "nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record." United States v. Norris, 281 U. S. 619, at page 623, 50 S. Ct. 424, 425, 74 L. Ed. 1076. It becomes necessary, therefore, to consider whether the facts alleged by the defendants in their motion are sufficient to move the discretion of the court to allow the withdrawal of the plea and to quash the indictment.

The first and second reasons are based on the fact that the offenses were barred by the statute of limitations because the indictment shows on its face that the offenses charged had been committed more than three years prior to the return of the true bill.

The pertinent part of the statute of limitations in question (18 USCA § 585) is as follows: "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense. * * * The time during which the person committing the offense is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings."

In Capone v. Aderhold (D. C.) 2 F. Supp. 280, 282, Underwood, District Judge, speaking of a like motion as the one in question, said: "It will be observed that this motion was in the nature of a demurrer to the indictment rather than a plea, and that it included no allegation of fact which would exclude the applicability of the provisions that 'the time during which the person committing the offense is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings.' As far as the allegations of the motion are concerned, petitioner may have been absent from the district from the time of the commission of the offense until the finding of the indictment. If so, of course the statute had not run, since this provision is as integral a part of the statute as the three-year period named."

Where a statute of limitation contains such an exception as the instant one, it is not necessary for the indictment to charge that the defendant is within the exception, but the matter contained in the exception is a matter of defense and must be shown by the accused. United States v. Cook, 17 Wall. (84 U. S.) 168, 21 L. Ed. 538. The defendants have not attempted to allege any facts to show whether or not they were within the district during the three year period, and therefore the court is constrained to deny the motion to quash at this time. However, the facts and circumstances of this case move the court to permit the defendants to withdraw their plea of nolo contendere, and amend their motion to quash.