### UNITED STATES v. ANTHRACITE BREWING CO., et al.
### No. 6658.

District Court, M. D. Pennsylvania.
April 29, 1935.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Lawrence H. Rupp (of Butz & Rupp), of Allentown, Pa., for defendants.

JOHNSON, District Judge.

Defendants were indicted for violation of section 1017 (b) of the Revenue Act of 1924 (26 USCA § 1266 note), and entered a plea of nolo contendere. Defendants moved to withdraw their plea, plead in bar, and have the indictment quashed for the reason that the offenses were barred by the statute of limitations. By an opinion and order of this court dated December 24, 1934, in which the facts are more fully set forth, defendants were permitted to withdraw their plea of nolo contendere. As the defendants did not allege any facts to show whether they resided within this jurisdiction during the limitation period, it was not possible to find whether the offenses were barred by the statute of limitations, and accordingly the motion to quash was denied and defendants were granted leave to amend their motion [(D. C.) 11 F. Supp. 1018].

On January 9, 1935, defendants filed a motion to quash and to plead in bar for the reason that the statute of limitations had run prior to the finding of the indictment. The motion contained an allegation that the defendants, during the limitation period, "were residents, taxpayers, and voters in the borough of Shenandoah, Pennsylvania, and in the Middle District of Pennsylvania * * *. At no time since the date when said returns were made did any of the defendants change their residence * * *."

The United States of America, by its assistant United States attorney, moved to dismiss defendants' plea in bar and motion to quash for the reason that the borough of Shenandoah is not in the Middle District of Pennsylvania, and that by reason of defendants' own allegation, it is shown that they were not within the jurisdiction of the court during the limitation period and therefore the statute of limitations did not run against them.

The pertinent part of the statute of limitations in question (18 USCA § 585) is as follows: "No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense. * * * The time during which the person committing the offense is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings."

Defendants by their own pleading admit that they were absent from the jurisdiction from the time of filing the income tax report to the present time. The statute specifically provides that the limitation period shall not run while the person committing the offense is absent from the district wherein the same was committed. See Capone v. Aderhold (D. C.) 2 F. Supp. 280.

The court is therefore constrained to deny the motion to quash.