## UNITED STATES v. MATHIS.
### No. 8052b.

District Court, D. New Jersey.
June 20, 1939.

Merritt Lane, of Newark, N. J., for the motion.

John J. Quinn, U. S. Atty., of Trenton, N. J., by Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., opposed.

AVIS, District Judge.

The first count of the indictment in this case is based upon the charge that the defendant willfully attempted to evade and defeat a part of his income tax for the calendar year 1930 by filing a false income tax return in violation of Sec. 146(b) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 835, 26 U.S.C.A. § 145(b), which reads as follows: "Any person required under this title [chapter] to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

The basis of the defendant's motion is that the indictment was not found and returned within six years of the alleged commission of the offense. The portions of the statute applicable to the questions at issue are found in 18 U.S.C.A. § 585 and read as follows:

"No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years—

\* \* \*

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, and

\* \* \*

"The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings."

The indictment was found and filed on August 27, 1937, six years and one hundred and sixty-six days from March 14,

1931, when it is alleged in the indictment that the return was filed by the defendant. This calculation omits the day of filing of the return, but includes the day of the finding and filing the indictment. This method is in accordance with legal precedents. 16 C.J., p. 230, sec. 354. It is true that in the case of Bowles v. United States, 4 Cir., 73 F.2d 772, 775, the court holds "The trial judge properly ruled that, as the time for filing returns for the year ending December 31, 1930, did not expire until March 15, 1931, the statute of limitations did not begin to run until that date, * * *."

In that case there is no statement in the opinion as to when the return was actually filed, and the controversy arose out of the defendant's contention that the statute began to run on December 31, 1930 at the end of the taxable year. However, on page 774 of 73 F.2d, the court said: "The crime charged in the third and fourth counts was the filing of a false return. The offense was committed at the place where the filing took place upon delivery at the office of the Collector in Baltimore. Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195."

■ I am convinced that the offense was committed, if at all, on the date of filing.

The primary question involved in the instant case is whether the sundry absences of the defendant from the district on official, business, or pleasure trips are within the provisions of the law, and are to be deducted from the total time between the alleged commission of the offense and the date of finding of the indictment, or whether such absences are not contemplated by the statute and therefore cannot be deducted.

It appears by the stipulation that the defendant was absent from the district during the period involved to the extent of 189 days. Corrections in the record would reduce this at least 4 days, and probably more, but in no event sufficient to make the number of days less than 166. The reason for these absences does not seem to me to be important. If the statute applies to one, it applies to all.

The determination of the meaning of the word "absent" in the statute presents considerable difficulty. Counsel for the Government claims that as stated in the law the word is an adjective, and the construction thereof is "being away from a place, withdrawn from a place; not present", and when used as a verb is defined "to take or withdraw (one's self) to such a distance as to prevent intercourse; to withhold from being present; to depart from." Technically the word as used in the statute appears to be an adjective, but an examination of the text in 1 C.J.S., Absent, pages 351 and 352 indicates that on sundry occasions the courts have given the word various constructions inconsistent with the dictionary meaning, depending on the circumstances and conditions to which it is applied.

■ It does not seem necessary to note and analyze all of the cases on the general subject. They vary considerably as to the application of the facts to the particular law involved. I have been unable to find any case directly in point, and surely there is no case giving a construction to the words in the statute now under consideration. It seems quite necessary that it should be construed in such a manner as to be of benefit to the defendant, unless it clearly appears otherwise.

The statute of the United States relating to general limitations for the prosecution of criminal offenses is found in 18 U.S.C.A. §§ 581 and 582. Section 583 provides that "Nothing in sections 581 and 582 of this title shall extend to any person fleeing from justice."

The act in question in the instant case has been changed from time to time, but the original provision with relation to an "absent" defendant was enacted in 1884. At that time most of the courts had determined that the meaning of the term "fugitive from justice" applied to a defendant who had committed some criminal act in a State or district and had thereafter gone into another jurisdiction. See, 25 C.J., p. 257, sec. 12. This principle as applied to United States courts was overruled in the case of Brouse v. United States, 1 Cir., 68 F.2d 294, 295.

■■ I am inclined to believe that when Congress passed the act in question sub judice, it intended to cover that situation so that a person who was a party to the commission of an offense in a district, although residing out of the district and never being actually therein, could still be indicted if he came into the district at any time within the six year period or thereafter. However this may be, I cannot bring myself to the conclusion that Congress intended the act to apply to a resident of

the district, who maintained a home therein and who was out of the district for varying periods of time for business, official, personal or pleasure trips.

It seems to me the absences must be such as interfere in some manner with the orderly method of finding an indictment, or which constitute an interference with the execution of process. Nothing of that character appears in the instant case. The defendant during most of this period of time was Secretary of State of the State of New Jersey, maintained a home always at Toms River in this district, and was out of the district for pleasure or business, with or without his wife, in the ordinary manner applicable to any other resident of the State. I am convinced that to adjudicate such absences as being within the statute, and thereby extending the time of the running of the statute would be an abuse of ordinary criminal processes.

As to the method of raising the questions involved, I cannot see any difference to a plea in bar or a motion to quash. In the instant case all of the facts to be considered have been stipulated, and there appears to be no contention as to which party is to assume the burden of proof. If the Government requires a plea to be filed, I will direct its filing nunc pro tunc, so that this determination of the issue will be applicable.

An order will be made to quash or dismiss the first count of the indictment, based upon the conclusion that the statute of limitations had expired prior to the finding of the indictment.