[Crim. No. 443. Fourth Appellate District.—June 28, 1939.]

In the Matter of the Application of C. A. BURT for a Writ of Habeas Corpus.

Edward Lynch for Petitioner.

Earl Redwine, District Attorney, for Respondent.

BARNARD, P. J.—The petitioner seeks his release from jail, to which he was committed for a period of two years.

A complaint was filed in the Justice's Court of Perris Township, County of Riverside, on October 30, 1934, charging the petitioner, in respective counts, with five violations of sec. 1273 of the Agricultural Code. The action was not triable in that court since the statute permits a year's imprisonment for such an offense. (Pen. Code, sec. 1425.) A warrant of arrest was issued on October 30, 1934, but petitioner was not apprehended and arrested until December, 1937. After a preliminary hearing and the filing of an information in the Superior Court of Riverside County, the petitioner pleaded guilty to two counts of the information and on March 9, 1938, was sentenced to serve one year in jail on each count, the sentences to run consecutively.

■ The sole contention here made is that the charge against the petitioner was barred by the statute of limitations since the information was not filed in the superior court within one year after the offenses were committed. The question presented is whether or not the filing of a complaint in a class "B" justice's court tolls the running of the statute of limitations in a misdemeanor case which is not triable in such a court. The respondent contends that the filing of such a complaint within a year tolls the statute, while the petitioner contends that under section 801 of the Penal Code a prosecution by information is barred unless an information is filed in the superior court within one year of the commission of the offense.

Section 801 of the Penal Code reads: "An indictment for any misdemeanor must be found or an information *or complaint* filed within one year after its commission." The italicized words were added to that section by amendment in 1933. As the section read prior to that amendment, it was held, in *People* v. *Ayhens*, 85 Cal. 86 [24 Pac. 635], that a prosecution for such an offense was barred if an information was not filed in the superior court within one year after its commission, except where the defendant had been absent from the state. The petitioner contends that the addition of the words "or complaint" in 1933 did not change this rule. It is argued that the word "complaint", thus added, is either

synonymous with the word "information" or that the word "information" was intended to apply "to high grade misdemeanors triable in the superior court" and the word "complaint" was intended to be applied only to "low grade misdemeanors" triable in a lower court. If the word "complaint" was intended to be synonymous with the word "information" nothing was added to the section by the amendment. It is unreasonable to believe that the word "complaint" was intended to apply solely to misdemeanors which are triable in any justice's court because section 1426a of the Penal Code already covered such a situation in exactly the same way. That section reads: "A complaint for any misdemeanor triable in a justice's or police court must be filed within one year after its commission." Under either alternative suggested by the petitioner the 1933 amendment to section 801 would add nothing thereto and would be meaningless.

Prior to this amendment the filing of a complaint in a justice's court prevented the running of the statute of limitations in what may be called low misdemeanors, but did not have this result in the case of what may be termed high misdemeanors. Regardless of whether or not such a distinction between the two classes of misdemeanors was justifiable a new situation arose in 1929 when section 1425 of the Penal Code was amended to provide that justices' courts in cities or townships having a population in excess of 30,000 should also have jurisdiction of what we have referred to as high misdemeanors. Thereafter, the filing of a complaint in what is now called a class "A" justice's court would, by reason of section 1426a, stop the running of the statute in the case of a high misdemeanor, which was then triable in that court, while under section 801, as it then read, a different result would obtain where a complaint was filed in a class "B" justice's court charging a similar offense which was triable in a superior court. This had the unreasonable and perhaps unconstitutional result that, where a defendant could not be apprehended, the question of whether or not a prosecution, other than by an indictment, was barred by the filing of a complaint in a justice's court depended upon the place in which the offense was committed.

While matters thus stood section 801 was amended by adding the words "or complaint". It must be presumed that something was intended thereby. The reference could not

be to the filing of a complaint in the superior court because none is to be filed there, in such a case. The added words must refer to the filing of a complaint in the justice's court, and must refer to something other than what was already covered by section 1426a. In view of the situation which had prevailed since the enlargement of the jurisdiction of certain justices' courts in 1929, with the resulting unreasonable distinction between places where high misdemeanors might be committed, as above pointed out, it can only be inferred that this amendment was adopted to meet this situation. The amendment referred to the filing of a complaint in a justice's or police court, but extended the rule established by section 1426a to cases which might be triable in the superior court. By so providing the legislature corrected the situation which had existed since 1929, and placed all high misdemeanors under the same rule, in this respect, regardless of the court in which they might be triable.

The petitioner argues that in adding the words "or complaint" to section 801 the legislature could not have intended to refer to the filing of a complaint in a justice's court because it did not repeal section 802 which provides that where a defendant is out of the state an indictment may be found or an information filed within a year after his coming within the state. That section relates only to the one situation where a defendant is out of the state. While it is true that its provisions would be less needed and probably would be relied upon less frequently when the statute could be tolled by the filing of a complaint in the justice's court, its provisions would still be effective where a defendant was absent from the state and where a complaint had not been filed within a year. Neither the fact that such an exception to the rule established by section 801 was previously allowed, nor the fact that this exception was retained when that section was amended in 1933, indicates that the amendment was intended to make no change in the effect of that section.

The petitioner further argues that it is unreasonable to believe that the legislature intended to permit the filing of a complaint in a justice's court to stop the running of the statute of limitations, in such a case, and thereby permit such a charge to hang over a defendant during the remainder of his life. Assuming that as the statute formerly read it may have been possible for a defendant to escape prosecution through the filing of an information by concealing himself

for a year, there is no vested right to have such a possibility continued. Any defendant can protect himself from the danger of having such a charge hanging over him by demanding a hearing. No reason appears why the defendant in such a case should be in a more favorable position than other defendants in similar cases, merely because of the place in which the offense was committed. The amendment in question merely corrected an existing discrepancy by extending an existing rule to other similar cases, and by making the rule uniform regardless of what court had jurisdiction to try the case.

We therefore hold that under section 801 of the Penal Code, as amended in 1933, the filing of this complaint in the justice's court stopped the running of the statute of limitations, and that nothing which here appears prevented the prosecution of petitioner on these charges through the filing of an information in the superior court.

The writ is discharged and the petitioner is remanded to custody.

Marks, J., concurred.