### UNITED STATES v. PATENOTRE et al.

United States District Court
S. D. New York.
Nov. 30, 1948.

John F. X. McGohey, U. S. Atty., for the Southern District of New York, of New York City (Thomas F. Murphy, Asst. U. S. Atty., of New York City, of counsel), for United States of America.

Harold J. Loughran, of New York City, for defendants.

KAUFMAN, District Judge.

Defendants were indicted in June 1948, charged with attempting to defeat and evade the payment of income tax by the filing of a false and fraudulent return on June 15, 1931 for the year 1930. 26 U.S. C.A. § 145(b). The return was that of defendant Eleanor Louise Patenotre. The other defendant is her son.

Defendant Eleanor Louise Patenotre lived here until 1930, at which time she went to France and there she remained

continually until the fall of 1946. The other defendant has always been a resident of France and, except for an occasional visit, was never in this country until 1946.

Both defendants move to withdraw their pleas of not guilty and to dismiss the indictment on the ground that, since the alleged crime was committed in 1931 and the indictment was not found until 1948, the statute of limitations· had run before the finding of the indictment.

It is unnecessary to determine whether the applicable statute of limitations is Section 585[1] of Title 18 U.S.C., or 26 U.S.C.A. § 3748, or whether the basic period of limitation is three years or six years, because the result here is the same in any case. The statutory language which must be construed here is substantially the same in both the sections to which reference has been made and more than six years have elapsed between the alleged commission of the crime and the finding of the indictment.

Section 3748 of Title 26 U.S.C.A. provides that "the time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings." The only difference between this and the relevant language in Section 584[2] of Title 18 is that in the latter section the words "the offense" are substituted for the words "any of the offenses above mentioned".

What must be decided here is whether or not defendants have been "absent" from the district, within the meaning of that word as used in the language quoted above.

The cases on the subject are few: United States v. Mathis, D.C., 28 F.Supp. 582 (Avis, J.); United States v. Eliopoulos, D.C., 45 F.Supp. 777 (Forman, J.); U. S. v. Frankel[3] (unpublished opinion, File # C 104–432, S.D.N.Y., Knox, J.).

In the Mathis case, the defendant had been Secretary of State of the State of New Jersey and had maintained a home in the district throughout most of the statutory period, his absences having been, 28 F.Supp. at page 585: "for pleasure or business, with or without his wife, in the ordinary manner applicable to any other resident of the State." Judge Avis ordered the indictment dismissed, saying, 28 F.Supp. at page 585:

"I am convinced that to adjudicate such absences as being within the statute, and thereby extending the time of the running of the statute would be an abuse of ordinary criminal processes."

The Court there was of the opinion that in order to toll the statute

"the absences must be such as interfere in some manner with the orderly method of finding an indictment, or which constitute an interference with the execution of process. Nothing of that character appears in the instant case."

In the present case, the defendant Raymond Patenotre has never been a resident of, or domiciled in, the district, or even in the United States; he has, except for occasional visits to this country, lived continually in France. The defendant Eleanor Louise Patenotre was a resident of this district until she left the United States in March 1930, to go to France, where she remained until the fall of 1946.

Hence the "absences" of the defendants here were of a character entirely different from that which the Court found determinative in the Mathis case.

In the Frankel case, the absences were, like those in the Mathis case, sporadic and for "recreation and refreshment". Judge Knox, noting that Congress had used the words "absent from· the district" and had "specifically rejected the classic . phrases such as 'beyond the reach of legal process' or 'places himself beyond the jurisdiction of the Court of the district' or 'flees from the jurisdiction of the Court'", concluded that the statute was tolled for a period of the aggregate of the days the defendant

---

[1] Repealed by Act June 25, 1948, c. 645, § 21, 62 Stat. 992.

[2] In 1948 Criminal Code, see 18 U.S. C.A. § 3283.

[3] No opinion for publication.

had been away from the district. Judge Knox said:

"It must ever be remembered that it is easily possible for a person who is desirous of escaping prosecution, to pretend to be absent from a district wherein he offended against a particular statute, for recreational purposes. If the construction which defendant seeks to have placed upon the statutory period of limitations were adopted, it would mean that in every case of a defendant's absence from his district, the reason for such absence might become a question of fact far more difficult of proof and determination than the main issue raised by the indictment. Congress, possibly, in choosing the plain and easily understandable language which, in the event of the absence from a district, tolls the statute of limitation, wished to avoid the difficulty of proof I have just suggested. But, whatever the purpose, the language leaves no room for construction, and it must be interpreted as written."

On reargument, Judge Knox's attention was called to Judge Avis' opinion in the Mathis case, but Judge Knox adhered to his original opinion, even though his opinion was, as he put it, "diametrically opposed" to that in the Mathis case.

In the Eliopoulos case, the defendants were residents of, and domiciled in, Greece throughout the period involved. Judge Forman said, 45 F.Supp. 777, 781:

"The government, however, maintains that even though they did not flee, they were 'absent' from the district as contemplated by section 585, and again I cannot agree with the construction it seeks to place upon the statute. Statutes of limitation are founded upon the liberal theory that prosecutions should not be allowed to ferment· endlessly in the files of the government to explode only after witnesses and proofs necessary to the protection of the accused have by sheer lapse of time passed beyond availability. No reason is advanced why the government did not indict these defendants within a reasonable and legal period, at least under the 'John Doe' nomenclature if no other. Not having done so, the defendants seem to me to be clearly within the purview of the stat-ute and the pleas in bar to indictments 514c and 567c will be sustained."

Thus the previously decided cases are few and not in accord.

In an effort to come to a correct conclusion as to the proper interpretation of the word "absence" in the statute, I have sought to discover the rationale of the provision tolling the statute during the time the defendant is "absent from the district". I agree with Mertens, who in commenting on the Mathis case, says (Law of Federal Income Taxation, Vol. 10, p. 69, note 54):

"However, presence in the district should have no bearing upon a defendant's indictability. If the statute of limitations had not run, the defendant could be indicted at any time, whether he came into the district or not."

Where a defendant is required to be served with process within a jurisdiction in order to commence a proceeding against him, it is logical and practical that his absence from the jurisdiction should toll the running of the statute of limitations. There is, however, no need for the personal presence of a defendant in a jurisdiction in order that an indictment be found against him therein and it is, therefore, difficult to understand why absence from the jurisdiction should toll the statute of limitations against the finding of an indictment. Nor can it be argued here that defendants' absence should toll the period within which an indictment may be found on the theory that such absence might delay or frustrate the usual preliminary investigatory processes of the government in income tax cases. There might be force in that argument were it not that the absence provided for in the statute is merely absence from "the district". In that context, "absence" would toll the statute in a case where one who commits a crime in the Southern District of New York remains in the Eastern District of New York, a stone's throw away,—an absence which could in no way interfere with investigatory proceedings by the government. Such, in effect, was the situation in United States v. Anthracite Brewing Co., D.C., 11 F.Supp. 1019, in which it was held that the

statute had been tolled because defendants committed the alleged crime in one district of Pennsylvania, but resided, up to the time of their indictment, in another nearby district° in the same State.

It cannot be said that "absent" should be construed to mean being away merely from the place where one would normally be expected to be, e. g., from his regular place of abode or business, because the absence referred to in this statute is absence from the district "wherein the same (the offense) is committed",—a district which need have no relation whatever to one's regular place of abode or business.

Obviously, it is difficult to rationalize this statute. However, the function of the court is to construe and interpret the language of the statute as it is written, where its language is plain.

Substantially similar provisions tolling the period of limitation in penal actions during the absence of the defendant exist in the criminal laws of the various states. See, for example, Sec. 802, California Penal Code (Deering, 1941); Ch. 38, § 632, Ill.Rev.Stat., 1947; Ch. 277, § 63, General Laws of Massachusetts (1932); Ch. 427, § 13, Revised Laws of New Hampshire (1942); Sec. 143, New York Code of Criminal Procedure (McKinney, 1945); Oklahoma Statutes, 1931, § 2726, 22 O.S. 1941 § 153; Tit. 19, Ch. 5, § 211, Pennsylvania Statutes (Purdon, 1936). While all these provisions are not phrased exactly in the terminology of the section of Internal Revenue Code here under consideration, they are nevertheless interpreted as extending the period of limitation for that amount of time in which a defendant is not present within the jurisdiction of the State. See People v. Carman, 385 Ill. 23, 52 N.E. 2d 197; State v. Williams, 92 N.H. 377, 31 A.2d 369; Crain v. State, 70 Okl.Cr. 45, 104 P.2d 450; Ex parte Burt, 33 Cal. App.2d 550, 92 P.2d 492; Ex Parte McGee, 29 Cal.App.2d 648, 85 P.2d 135.

Whatever the rule should be in the case of a defendant who is away from the district sporadically, and then for only short periods of time, as in the Frankel and Mathis cases, I find it impossible to give any meaning to the words "absent from the district" which would make them inapplicable to persons who commit a crime here either after leaving or without ever having been within the jurisdiction and remain away uninterruptedly thereafter with such permanence as these defendants. If the statute does not cover such a case as that, it is difficult to conceive one that it does. See United States v. Mathis supra, 28 F.Supp. 582, at page 584.

There is no merit in defendants' contention that the indictment is not for conspiracy to violate the revenue law but for a conspiracy to defraud the United States. United States v. Johnson, 319 U.S. 503, 514-515, 63 S.Ct. 1233, 87 L.Ed. 1546 and that the indictment is bad because it does not plead the tolling of the statute. United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538.

The motion to dismiss the indictment is denied.