## UNITED STATES v. SATZ.
### Cr. No. 30950.

United States District Court
N. D. New York.

Argued May 19, 1952.

Submitted May 29, 1952.

Decided June 2, 1952.

Edmund Port, U. S. Atty., Syracuse, N. Y., A. J. Culick, Amsterdam, of counsel, for plaintiff.

Francis L. McElroy, Syracuse, N. Y., A. A. Mayper, New York City, of counsel, for defendant.

BRENNAN, Chief Judge.

Defendant moves to dismiss Count I of the Indictment herein upon the ground that

*same* was not found within six years after the alleged offense was committed.

On February 28, 1952, an indictment against the defendant was filed in this court which in substance charges him with a violation of Section 145(b), Title 26 U.S.C.A. Count I, which alone is involved here, charges that the defendant on January 29, 1946, and within six years from the date of the indictment, excluding the time during which the defendant was absent from the Northern District of New York, did attempt to defeat and evade a part of the income tax due and owing by him to the United States of America for the calendar year 1945 by filing with the Collector of Internal Revenue for the Fourteenth Internal Revenue Collection District of New York, at Albany, New York, a false and fraudulent income tax return.

The moving papers show that the defendant at the time the tax return in question was filed resided and maintained his place of business in Bronx County, New York. In November, 1947, he gave up the above residence and place of business and moved to Los Angeles, California, where he has since resided. It further appears that the defendant has never at any time resided within the Northern District of New York, and has never been within that district, excepting for the purpose of traveling through same.

A further statement of facts is deemed advisable for the purpose of clarification. The Northern District of New York is composed of twenty-nine counties. 28 U.S.C.A. § 112. Its boundaries are not coextensive with any tax district. The Fourteenth Internal Revenue Collection District of New York, with its main office at Albany, embraces the Counties of Bronx, Columbia, Dutchess, Greene, Orange, Putnam, Rockland, Sullivan, Ulster and Westchester, which are not within the Northern judicial district.

The defendant's contention is that the indictment on its face is barred by the six-year statute of limitations provided in Title 26 U.S.C.A. § 3748. He further contends that the allegation in the indictment designed to exclude the time when the defendant was absent from the Northern District of New York from the limitation period is ineffective, since he never was within that district, and that his removal from the County of Bronx to Los Angeles, California, in no way changed his status insofar as the statute under discussion here is concerned. His argument proceeds to the conclusion that the limitations prescribed in the section above referred to must be available to all persons who reside outside of the judicial district at the time of and subsequent to the commission of the offense. The government contends that the defendant can not invoke the statute of limitations, since he was absent from the judicial district during all of the period referred to in the indictment and, in any event, he may not invoke the statute because he was absent from both the judicial and tax districts after 1947.

The problem here is to apply the provisions contained in Title 26 U.S.C.A. § 3748, as follows: "The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings." It can be resolved by defining and applying the word "absent", as set out in the statute. Both parties here apparently agree that " * * * absent from the district * * " as used in the statute refers to the judicial district wherein the offense is committed. Reported cases seem to be in agreement. It is unnecessary to consider this problem— if there be one—, since the defendant has not been within either the judicial or tax districts since 1947.

The case of U. S. v. Patenotre, D.C., 81 F.Supp. 1000, seems to be in point. In that case the defendants were indicted for the same crime as is involved here. One of the defendants was a resident of France for the greater part of the limitation period. The motion to dismiss the indictment was denied. In that case, as here, the problem of temporary absences involved in the decisions of U. S. v. Mathis, D.C., 28 F.Supp. 582, and in U. S. v. Frankel [1] (unreported,

1. No opinion for publication.

but referred to therein), is not involved, and the apparent conflict in these decisions is not important. The case of U. S. v. Eliopoulos, D.C., 45 F.Supp. 777, at page 781, seems to be contrary to U. S. v. Patenotre, supra, but it seems to be based upon equitable considerations, rather than any interpretation of the limiting statute itself.

■ There is no showing that the United States was handicapped in the matter of the indictment and prosecution of this defendant either by his residence in the Bronx or in California. Statutes of limitations, however, are matters of grace and while they are to be liberally construed in favor of the defendant, this Court can see no justification to ignore the language of the statute upon the theory that it unfairly creates two classes of taxpayers—one within the protection of the statute, the other without the protection of the statute, depending upon their presence in the judicial district in which their returns are filed.

■ It is unnecessary to enter into a detailed discussion as to the grammatical and technical use of the word "absent". See U. S. v. Mathis, supra. It seems obvious that in the statute under consideration the word has a meaning opposite that of "present". As taxpayer is absent " * * * from the district * * *" when he is not present therein. There is no room for reading into the statute a provision which in substance would construe "absent" as meaning "removing therefrom" or "fleeing therefrom". If Congress intended any such meaning, it could have clearly so stated. To hold otherwise is to legislate under the guise of construction. If the present statute is inequitable, the remedy is in legislation, not construction. The decision that the motion must be denied appears to be in accord with U. S. v. Patenotre, supra, and U. S. v. Anthracite Brewing Company, D.C., 11 F. Supp. 1019.

■ The government also urges that the Wartime Suspension of Limitations Act of 1942, as amended, 18 U.S.C.A. § 3287, is applicable here, and tolls the statute of limitations from January 29, 1946 to December 31, 1949, by reason of its provisions.

Precedents indicate that the above statute is applicable " *. * * only when fraud or attempted fraud against the United States 'is an ingredient under the statute defining the offense' * * *". See U. S. v. Obermeier, 2 Cir., 186 F.2d 243, at pages 256, 257. The cases of U. S. v. Noveck, 271 U.S. 201, 46 S.Ct. 476, 70 L.Ed. 904; U. S. v. McElvain, 272 U.S. 633, 47 S.Ct. 219, 71 L.Ed. 451; U. S. v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917, have not been directly limited by the decision in any reported case cited to or found by the Court. The problem is referred to but not decided in U. S. v. Showalter, D.C., 103 F.Supp. 806, at page 808, and cases cited therein.

The contention of the government as to the applicability of the Suspension Act has not been overlooked but it is not necessary to this decision and it is not decided here.

The motion to dismiss is denied and it is so ordered.