**UNITED STATES v. BEARD.**
**Crim. A. No. 22332.**

United States District Court
D. Maryland.
Jan. 26, 1954.

George Cochran Doub, U. S. Atty., Herbert H. Hubbard, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Thomas J. Kenney, Baltimore, Md., Michael Gould, Washington, D. C., for defendant.

CHESNUT, District Judge.

The indictment in this case was filed on January 29, 1952. It consists of three counts, each charging evasion of individual income taxes under 26 U.S.C.A. § 145 (b). The first count charges in sub-

stance that on or about the 15th day of January 1946 in the State and District of Maryland, the defendant, of Washington, D. C., did wilfully and knowingly attempt to defeat and evade a large part of the income taxes due and owing by him to the United States of America for the calendar year 1945 by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of Maryland at Baltimore, a false and fraudulent income tax return containing a very large understatement of net income and taxes due thereon. I understand from counsel that the alleged false return was actually filed on January 15, 1946 which was six years and 14 days prior to the filing of the indictment. The motion to dismiss is made on the ground that the period of limitations had expired before the filing of the indictment.

The applicable statute is 26 U.S.C.A. § 3748, which provides, with regard to criminal prosecutions, a period of limitation of three years for offenses arising under the Internal Revenue Laws of the United States—

"except that the period of limitations shall be six years * * * for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof * * *. The time during which the person committing any of the offenses above mentioned is *absent from the district wherein the same is committed* shall not be taken as any part of the time limited by law for the commencement of such proceedings." (Italics supplied.)

In support of the motion to dismiss the defendant has filed an affidavit stating in substance that he has resided in the District of Columbia continuously for more than forty years; that from January 15, 1946 until January 29, 1952 he was away from his home in the District of Columbia for business and pleasure not more than two or three days at a time and that such absences were only natural and normal and without any intent to interfere

with or hinder the investigation or prosecution of this case, and did not hinder or delay the filing of the indictment. The United States Attorney states that he has no information or evidence sufficient to controvert the facts so stated by the defendant and for the purposes of the motion they can be accepted as correct.

The question thus presented requires a construction of that part of the limitation statute above quoted which provides that the time during which the defendant is *absent from the district* shall not be counted in computing the limitation period. More particularly it will be found the question to be decided depends upon the intent of Congress as to the meaning to be attributed to the word "absent" in its context when related to the particular subject matter.

█ The application of this provision of the statute must be considered in the light of the situation as it existed and presumably was known to Congress at the time of the passage of the statute in 1884; and there must also be considered the very particular situation involved in the application of the statute to this case where, under pertinent regulations having the force of law, the taxpayer, although resident of the District of Columbia (and not of the District of Maryland) was required to file or have filed his income tax return with the Collector of Taxes at Baltimore, Maryland, as was the case with all residents of the District of Columbia. Bowles v. United States, 4 Cir., 1934, 73 F.2d 772; United States v. Clayton-Kennedy, D.C.Md.1933, 2 F. Supp. 233.

It may be noted that the general statute of limitations as to the prosecution of criminal offenses is contained in 18 U.S. C.A. §§ 3281–3290. Section 3290 provides:

"No statute of limitation shall extend to any person *fleeing from justice*." (Italics supplied.)

The particular statute here applicable relates only to offenses against the internal revenue laws. It is pointed out in 66 Har.Law Rev. p. 1323—

"As originally proposed in Congress in 1884, the tolling provision would have applied only 'to persons beyond the reach of legal process'; the present wording, 'absent from the district' was introduced in Committee. See 15 Cong.Rec. 5770. Although not express, the intent of this change was apparently to make the language of the federal statute coincide with that of state civil provisions rather than to affect its substance. See Wolfram, Tolling the Statute of Limitations in a Criminal Tax Case, 28 Taxes, 53, 55, N. 15 (1950). Since then, jurisdiction of a federal criminal court extended only to the limits of the judicial district in which it sat, see Mitchell v. Dexter [1 Cir., 1917], 244 F. 926, 930–931, the substitution did not in fact alter the scope of the section. But as federal criminal process now runs throughout the nation, Fed.R. Crim.P. 4(c) (2) [18 U.S.C.A.], it would seem that the tolling clause should still apply only to those 'beyond the reach of legal process'—i. e., outside the country. In the analogous situation in which substituted service has expanded state power over non-resident defendants, state courts have occasionally refused to toll a statute against a non-resident. See note, 46 Har.L.Rev. 706 (1933)."

In the citation to the article by Wolfram just referred to there is quoted the recommendation of the Commissioner of Internal Revenue (15 Cong.Rec. 3097) endorsed by the Secretary of the Treasury which stated in part—

"I respectfully suggest that Congress be requested to enact a statute fixing the limitation for the prosecution of offenses against the revenue laws at a much less period than five years, as now provided by law, except in cases where the accused *places himself beyond the jurisdiction of the district* where the offense is committed." (Italics supplied.)

And the same author states that—

"in a separate letter, the Secretary of the Treasury stated 'a proviso excepting cases in which the accused places himself beyond the jurisdiction of the proper court should be inserted in the Bill'."

It must also be noted that territorially the judicial district within which an offense is committed and must be prosecuted may differ from the district geographically created for the collection of internal revenue. Long before 1884 there was executive authority to designate territorial districts for the collection of internal revenue and prior to 1884 the President had by Proclamation of June 25, 1883 placed the District of Columbia within the collection district of Maryland. See Bowles v. United States, supra, 73 F.2d at page 773.

■ We are dealing, therefore, with a situation in which a resident of the District of Columbia, which was within the collection district of Maryland, was legally obliged to file his income tax return in Maryland and could be prosecuted for a false return only in the judicial district of Maryland. I think I should also take judicial notice of what I understand to be the practical situation with respect to the filing of income tax returns by residents of the District of Columbia. That is to say, for their convenience they may be filed in the District of Columbia with a representative of the Collector of Taxes at Baltimore, and if so done, in legal effect, they are considered filed at Baltimore. See Bowles v. United States, supra. While it does not seem to be affirmatively stated in the instant case, I think it may be assumed that the return filed by the defendant on January 15, 1946 was for convenience either delivered to an agent of the Collector of Taxes at Baltimore in Washington, or possibly mailed in Washington to the Collector at Baltimore. As the District of Columbia is contiguous to the State of Maryland, it is entirely inferable that the defendant may at many times during the six year period have been actually, in travelling or otherwise, within the State; but as appears from his affidavit only very temporarily absent from his home in Washington during the past forty years. There is certainly nothing to show either expressly or by inference that the defendant at any time since the filing of the alleged false return has been a fugitive from justice with respect either to Maryland or the District of Columbia; nor anything to indicate that he was evading arrest for the alleged false return in 1946 or later; and there is nothing to show that the investigation or prosecution of the defendant has been in any way hampered or delayed by his conduct. Ever since 1946 he could have been arrested in Washington on an indictment or even a sufficient warrant of arrest issued at Baltimore and since the adoption of the Federal Rules of Criminal Procedure, 18 U.S.C.A., he could upon arrest have been removed from Washington (within 40 miles of Baltimore) on a warrant of arrest based on an indictment or information without the necessity of a hearing in Washington. F.R.C.P. rule 40. I also note from the files of the court that on March 31, 1951 an earlier indictment was filed against the defendant for alleged evasion of income taxes for the year 1944; and the defendant promptly voluntarily appeared by counsel and gave bail in both that earlier case and in the instant case.

Although the statute with which we are dealing was passed in 1884, it apparently did not receive judicial construction until nearly 50 years later. In more recent years it has been judicially considered in several district court cases but with no appellate opinion which counsel or I have been able to find. With one exception, to be later noticed, these cases have dealt with factual situations different from that in the instant case.

■ In United States v. Mathis, D.C. N.J.1939, 28 F.Supp. 582, the taxpayer resided in the judicial district and was absent therefrom only for normally short periods for business or recreation. It was held that the statute was not tolled by such absences during the six year period. With this conclusion I agree. In

United States v. Eliopoulous, D.C.N.J. 1942, 45 F.Supp. 777, the indictment was filed 11 years after the commission of the alleged offense and the defendants were citizens of Greece residing abroad for the whole period until they came into the judicial district very shortly before the indictment was filed. The court held the statute was not tolled. In United States v. Patenotre, D.C.S.D.N.Y.1948, 81 F.Supp. 1000, one of the defendants had resided in the judicial district but had gone to and was living in France when the return was filed. The other defendant had never lived within the district but was living in France. It was held that the statute was tolled. In United States v. Satz, D.C.N.D.N.Y.1952, 109 F.Supp. 94, the defendant resided in the collection district but not in the judicial district where the income tax return was filed; but shortly after filing the return had gone to a far distant state to live. It was held the statute was tolled. In United States v. Udell, D.C.Del.1952, 109 F.Supp. 96, the defendant was a resident of the judicial district when the return was filed but thereafter within the six year period established his residence elsewhere. It was again held the statute was tolled.

The one exception above referred to is United States v. Anthracite Brewing Co., D.C., 11 F.Supp. 1018 and 1019. In that case the defendant was a resident of the collection district but not of the judicial district both before and after the return was filed. It seems therefore to present a similar situation to that of the instant case. But on reading the case it appears that the decision was made rather on a procedural point than otherwise. The defendant originally filed a plea of nolle contendre to the indictment; but later filed a motion to withdraw this plea and substitute a defense of limitations on the ground that six years had elapsed before the indictment was returned. In a very brief opinion with little discussion it was held that the motion to quash based on limitations should be denied.

In the instant case the government's contention is that because the defendant has never resided in Maryland, although he has resided for 40 years in the District of Columbia (originally, of course, a part of the State of Maryland) he has been *absent* from the State of Maryland for more than six years. The contention is that as the statute used the phrase "absent from the district" the word "absent" must be literally considered and applied. The effect of that construction would necessarily be that bona fide residents of the District of Columbia who legally must file their tax returns in the Maryland judicial district, have no benefit of any statute of limitations. Furthermore I understand it is not disputed that there are about 65 collection districts many of which do not coincide territorially with the judicial district where the tax returns must be filed. And it is stated in the article by Wolfram, 28 Taxes (National Income Tax Magazine) 609, that residents of about one-third of the Counties in the Continental United States are required to file their tax returns in a judicial district where they do not reside.

▆▆ The question thus presented is whether it is a reasonable construction of the statute involved that Congress intended thereby to exclude such a large proportion of all taxpayers in the country from the benefit of the six-year statute of limitations. While of course a statute should generally be construed and applied in accordance with the ordinary meaning of the words used, it is also a well established rule of statutory construction that where a merely literal interpretation of the words would result in absurd consequences or involve manifest injustice, a construction which would be more consonant with reason and justice should be adopted. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Coin Machine Acceptance Corp. v. O'Donnell, 4 Cir., 192 F.2d 773, at 776. In my opinion the instant case requires a different construction of the word "absent" from its mere literal meaning as an adjective. The legislative history together with the peculiarity of the particular situation strong-

ly indicates to me that the word "absent" should be interpreted as meaning that the defendant "absented" himself from the judicial district. If considered merely lexicographically it seems inapt to say that a person who has never resided in a certain judicial district is *absent* from that district. For illustration —a child who has never been entered at a school would not properly be marked as absent from school. But more importantly, I think the history of the legislation indicates that the word "absent" in this particular statute was intended to be used in the sense of one who is in some way evading criminal process as by absenting himself from his usual residence. To ascertain the meaning of Congress in the use of the particular phraseology in the statute I think we must look particularly at just what occurred at the time and give the word that meaning which is consistent with the law regarding limitations as then known and understood.

The most familiar of the early British statutes regarding limitations was the Statute of 21, James I, ch. 16, (1623) which, in certain civil suits tolled the running of the statute in favor of the plaintiff who was "beyond the seas"; and by the Statute of 4, Anne (1705), ch. 16, § 19, the statute of limitations was also tolled in certain civil suits against defendants who go "beyond the sea". The earliest federal statute of limitations with regard to criminal offenses was the Act of 1790, 2d. Sess. ch. 9, § 32, 1 Stat. 119, which provided that limitations should be tolled where the defendant was "fleeing from justice"; and this is in substance the same expression which is now used in a similar connection in the general federal limitation statutes with respect to criminal actions.

It is not certain why Congress adopted the expression "absent from the district" in formulating the statute. However, as above pointed out, the Treasury Department suggested the tolling of the statute in cases where "the accused placed himself beyond the jurisdiction of the district where the offense was committed".

This seems to mean substantially in effect that the statute should be tolled when the defendant "absents himself" from his usual place of abode. I find nothing in the legislative history to suggest that Congress intended a different meaning than that suggested by the administrative department; and in the absence of such affirmative contrary intention I think the reasonable inference and conclusion is that Congress had the same intention as did the administrative department.

There are very numerous state statutes of limitations applicable to civil actions where the language tolls the running of the period when the defendant is absent from the state or is *absenting himself* from the state. For instance, Maryland Code of 1951, Vol. II, Art. 57, § 5, provides that defendants "absent out of the State" when the cause of action arises shall have no benefit of the limitation if the plaintiff shall commence the same after the presence in the state of the defendant. And section 4 of the same Article provides that "no person absenting himself from this State" after contracting a debt whereby the creditor may be at an uncertainty of finding such person or his effects shall have any benefit of any limitation. Similarly worded state statutes have frequently received judicial construction, but it seems quite impossible to find any uniform judicial application of the phrase used as the decision in each case seems to have been largely affected by its own particular facts and circumstances. 54 C.J.S., Limtations of Actions, § 208 et seq. See also 22 C.J.S., Criminal Law, § 229.

There seem to be but a few state statutes which provide for tolling the statute in criminal actions where the defendant is "absent" from the state; but I find that in Kansas, at least, there is such a statutory provision, Rev.Stat.1923, 62–504. The language of that statute is very nearly the same as that of the federal statute here involved; and in the case of State v. Hill, 145 Kan. 19, 64 P.2d 71, the statute was considered and applied to the same effect as I think the

federal statute should be construed. In the case last referred to the defendant resided in Oklahoma very near the Kansas line. He was prosecuted in Kansas for an alleged crime committed in that state. The applicable period of limitations was 2 years. While the defendant's conviction was affirmed on appeal it appears that the statute was construed in effect quite similar to what I think should be the construction of this federal statute. See also State v. Shushan, 206 La. 415, 19 So.2d 185; People v. Carman, 385 Ill. 23, 52 N.E.2d 197; State v. Clemens, 40 Mont. 567, 107 P. 896.

■ Another possible construction of the statute has been suggested. It is that the word "district" in the phrase "absent from the district wherein the same is committed" was intended to refer to the collection district rather than the judicial district. This possibility was noted but the point not decided in United States v. Satz, supra. It will be remembered that in 1883, a year before the statute was passed, the District of Columbia was placed in the revenue collection district of Maryland. Whether that fact was present in the minds of the Treasury Department or of Congress, we do not know. It was not until many years thereafter that it was judicially decided in this court and affirmed by the Court of Appeals for the 4th Circuit, that residents of the District filing false income tax returns at Baltimore could and should be prosecuted in the District of Maryland. See Bowles v. United States, supra. It would seemingly simplify the problem of construction if it were permissible to interpret the word "district" as meaning the collection district. For administrative purposes in checking income tax returns the place of business or residence of the taxpayer is often of consequence as the taxpayer is required to keep books sufficient to show his income and ordinarily such books are kept at the place of business or residence of the taxpayer. There is, however, a seeming difficulty in construing the word "district" as here used as synonymous with the "collection district" because the

full phraseology is "absent from the district wherein the same is committed", in view of the judicial holding that the offense is committed in the State of Maryland although the taxpayer throughout resides in the District of Columbia. It will be noted that the very next sentence reads: "Where the complaint is instituted before a Commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district." I note also that the author, Wolfram, above referred to, apparently rejects the view that the word district can be so interpreted. In the absence of any precedents upon the subject and the further absence of any legislative history directly in point I do not feel free to reach the conclusion that the word "district" should be interpreted as the collection district although I should like to adopt that view if I felt there was sufficient authority for it. However, in the instant case the result would be the same as the defendant has not absented himself at any time during the six years either from the State of Maryland or the District of Columbia.

■ It should also be remembered that the limitation statute being in the nature of a statute of repose, should be liberally construed. United States v. Scharton, 285 U.S. 518, 522, 52 S.Ct. 416, 76 L.Ed. 917.

■ There is one other ground upon which the government contends that the first count of the indictment can be sustained, that ground being the application of the War Time Suspension of Limitations Act of 1942 as amended, 18 U.S.C.A. § 3287. This contention appears in the government's brief filed in this matter but was not further urged in oral argument and may be disposed of without extending this opinion by needless prolixity. It is my opinion that this War Time Suspension Statute does not apply to this prosecution for income tax evasion brought under 26 U.S.C.A. § 145(b), under the recent decisions of the Supreme Court. United States v. Scharton, 285 U.S. 518, 522, 52 S.Ct. 416, 76 L.Ed.

917; Bridges v. United States, 346 U.S. 209, 73 S.Ct. 1055, 97 L.Ed. 1557; United States v. Grainger, 346 U.S. 235, 73 S.Ct. 1069, 97 L.Ed. 1575.

For these reasons the motion to dismiss the first count of the indictment must be and it is hereby granted.