**UNITED STATES of America, Plaintiff,**

v.

**Abraham S. HERSHENSON, Defendant.**

United States District Court
S. D. New York.

April 6, 1955.

J. Edward Lumbard, U. S. Atty., New York City (William Esbitt, New York City, of counsel), for plaintiff.

Corcoran & Kostelanetz, New York City (Boris Kostelanetz, New York City, of counsel), for defendant.

THOMAS F. MURPHY, District Judge.

This is a motion to dismiss an indictment on the ground of time limitation. The indictment charges defendant with filing a fraudulent income tax return in violation of § 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145 (b), on or about October 9, 1946. The indictment was found on September 3, 1954. The applicable time limitation for such indictments is six years, § 3748(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3748(a), but it is also provided:

" * * * The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings. * * * "

Concededly, defendant changed his domicile from New York to California in October 1946, for reasons of health, and has remained in California since that date. The question presented is whether unconcealed absence of defendant from the district tolls the applicable period of limitation. The question has been before this court on numerous occasions, and repeatedly answered in the affirmative.[1] Despite a few contrary intimations elsewhere,[2] this court is reluctant to change a rule so well settled in this district and so rooted in the plain meaning of the language of a statute in absence of contrary indication by Congress or the Court of Appeals for this circuit.

Defendant's motion to dismiss is accordingly denied.

1. United States v. Frankel, D.C.S.D.N.Y. (C 104–432, June 1939); id. (Sept. 18, 1939) (Memoranda by Knox, D. J.); United States v. Patenotre, D.C.S.D.N.Y., 81 F.Supp. 1000. See also United States v Satz, D.C.N.D.N.Y., 109 F.Supp. 94; United States v. Udell, DC.Del., 109 F. Supp. 96.

2. Cf. N.Y.Code of Criminal Procedure § 143; People v. Guariglia, 187 Misc. 843, 65 N.Y.S.2d 96, affirmed 2d Dept., 272 App.Div. 784, 69 N.Y.S.2d 759; United States v. Mathis, D.C.D.N.J., 28 F.Supp. 582; United States v. Eliopoulos, D.C.D. N.J., 45 F.Supp. 777.