**UNITED STATES of America**

v.

**Philip GREENFIELD, Defendant.**

**Cr. No. 43484.**

United States District Court
E. D. New York.

May 6, 1955.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., Thomas C. Platt, Jr., Asst. U. S. Atty., East Williston, N. Y., of counsel, for plaintiff.

Block & Block, New York City, for defendant.

BRUCHHAUSEN, District Judge.

By this motion the defendant seeks the dismissal of two counts of the indictment as barred by the six year statute of limitations.

The indictment, filed on March 8, 1954, charged income tax evasion under Section 145(b) of the Internal Revenue Code, 26 U.S.C. § 145(b). The offenses in question are alleged to have been committed on March 15, 1946 and March 15, 1947. A third offense, alleged to have been committed on March 9, 1948, is not involved in this motion.

The stipulated facts are that the defendant resided within this district; that he filed his federal income tax returns therein during all of the periods covered by the indictment; that subsequent to the time of the commission of the alleged offenses, and in the month of May, 1948, defendant left the district and has since resided in New Jersey or Florida and that his whereabouts at all times have been known to the treasury agents, assigned to the case, who corresponded with him from time to time during the period in question.

The question presented concerns the interpretation of the phrase "absent from the district" appearing in former Section 3748(a) of the Internal Revenue Code of 1939, the pertinent portion of which reads as follows:

"The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings."

Defendant contends that his removal from the jurisdiction was involuntary because of ill health; that it was not done with the intention of interfering with the instant prosecution or investigation; that his absence has not, in fact, interfered with such prosecution or investigation and that such removal is not "absence from the district" within the contemplation of the statute.

The Government contends that the statute of limitations was tolled in May 1948, the date that defendant became "absent from the district", as provided in the statute.

The question is whether under those circumstances the statute is operative. By Section 6531 of the Internal Revenue Code of 1954 (inapplicable to this prosecution) the aforementioned section was amended. The amendment provides that the statute of limitations is tolled only during the period that a defendant is outside the United States or a fugitive from justice.

The defendant argues that the statute which is involved in this motion was grounded upon the fact that at the time of its enactment process could not legally be served outside of the judicial district and that in many cases, the courts in recognition of that situation, construed the statute so as to prevent its producing inequitable results.

The reason for so construing the rather unequivocal language of the statute is found in the case of United States v. Eliopoulos, D.C.N.J., 45 F.Supp. 777, 781, viz.:

> "Statutes of limitation are founded upon the liberal theory that prosecutions should not be allowed to ferment endlessly in the files of the government to explode only after witnesses and proofs necessary to the protection of the accused have by sheer lapse of time passed beyond availability."

In that case, the defendants had been indicted eleven years after the commission of the alleged crime. The Court criticized the Government for not having indicted them in a "John Doe" proceeding and for not furnishing an explanation for such omission.

The case of United States v. Mathis, D.C.N.J., 28 F.Supp. 582, cited by the defendant, resembled an arithmetical contest in that the Government attempted to cause the tolling of the statute for every day that defendant absented himself from New Jersey on business or pleasure; a total of at least 166 days was computed. This was obviously an afterthought of the Government in attempting rectification of past laches. The Court found no merit in the contention.

In the case of United States v. Beard, D.C.Md.1954, 118 F.Supp. 297, heavily relied upon by the defendant, the taxpayer resided in Washington, D. C., but was required to file his return in the neighboring Baltimore, Maryland, district, since there was no such office within the District of Columbia. The defendant rarely left his home. He had been away for only a few days during the prior 40 years. While in that case there was no question of a calculation of days, if the Government's argument therein were entertained, the other extreme of the Mathis case would result. Upon that theory the running of the statute of limitations would be calculated by the number of days defendant was within the district of filing, rather than the tolling by the number of days he absented himself therefrom. The Court sought to protect the said defendant as well as other residents of the District of Columbia from the status of second class citizenship.

While defendant realizes that the case of United States v. Patenotre, D.C.S.D. N.Y.1948, 81 F.Supp. 1000, 1003, does not support his position, he cites it as being critical of the absurdities of the former statute. The Court therein, however, held in favor of the Government and said:

> "Whatever the rule should be in the case of a defendant who is away from the district sporadically, and then for only short periods of time, * * * I find it impossible to give any meaning to the words 'absent from the district' which would make them inapplicable to persons who commit a crime here either after leaving or without ever having been within the jurisdiction and remain away uninterruptedly thereafter with such permanence as these defendants. If the statute does not cover such a case as that, it is difficult to conceive one that it does."

The defendants therein were indicted approximately eighteen years after the alleged commission of the offense, after their arrival from France.

The weight of authority supports the Government's contention. In the case of United States v. Satz, D.C.N.D.N.Y. 1952, 109 F.Supp. 94, the defendant never resided within the judicial district wherein the indictment was filed. The Court tolled the statute in favor of the Government rather than create a class of preferred citizens, i. e., those residing without the district of filing.

In the case of United States v. Udell, D.C.D.Del.1952, 109 F.Supp. 96, the situation is the same as in the case at bar. The defendant therein left the jurisdiction after the date of the commission of the alleged offense, and the Court tolled the statute in favor of the Government.

The case of United States v. Anthracite Brewing Co., D.C.M.D.Pa.1935, 11 F.Supp. 1019, is similar to the Satz case, supra, in that defendant never resided within the district, and the Court, with sparse comment, strictly construed the statute.

The case of United States v. Frankel, S.D.N.Y., June 1939, C104–432, reported only in 26 Am.Fed. Tax Rep. 1114, but often cited in connection with the subject is directly opposed to the Mathis case, supra, cited by the defendant. The Court, on reargument, declined to follow the holding in the Mathis case. In the Frankel case the defendant's absence was for recreation and apparently unextended. Judge Knox therein said:

> "If the construction which defendant seeks to have placed upon the statutory period of limitation were adopted, it would mean that in every case of a defendant's absence from his district, the reason for such absence might become a question of fact far more difficult of proof and determination than the main issue raised by the indictment."

The recent case of United States v. Hershenson, D.C.S.D.N.Y.1955, 131 F. Supp. 782, is on all fours with the case at bar. The defendant therein removed to a state outside of the district because of ill health. Judge Murphy in that case adhered to the "rule so well settled * * * and so rooted in the plain meaning of the language of a statute."

An additional element in this case is that the Government has corresponded with defendant from time to time while outside of the district. It seems unfair to the Government, after being lulled into a sense of security by its familiarity with the statute and its interpretations to be suddenly faced with the tolling of the statute in that the length of time of delayed prosecution is not overwhelming, and defendant could reasonably have sensed it.

Motion denied.