## UNITED STATES

v.

## UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF TENNESSEE et al.

### No. 12107.

United States Court of Appeals
Sixth Circuit.
Jan. 25, 1954.

Miller, Circuit Judge, dissented.

H. Brian Holland, Asst. Atty. Gen., David L. Luce, Fred G. Folsom, Sp. Asst. to Atty. Gen., for United States.

Robt. L. Taylor, Knoxville, Tenn., for respondents.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

The defendant, Edgar L. Grubb, was indicted in two counts in the United States District Court for the Middle District of Tennessee, for alleged violation of the Internal Revenue Code in wilfully and knowingly attempting to defeat and evade a large part of his proper federal income taxes by filing and causing to be filed with the Collector of Internal Revenue, Collection District of Tennessee, at Nashville, false and fraudulent returns for the calendar years 1944 and 1945.

On motion of the defendant, the District Court for Middle Tennessee transferred the case to the Eastern District of Tennessee, Northern Division, for disposition upon the ground that it appeared from the indictment and the *bill of particulars* [See Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545] that the offenses charged were committed in both the Eastern and Middle Districts of Tennessee and that the interest of justice required that the case be transferred as requested.

Subsequently, the United States District Judge for the Northern Division of the Eastern District of Tennessee, on motion of the United States Attorney for his district, ordered the case to be retransferred to the Middle District of Tennessee, pursuant to like action previously taken by the Judge for the Southern Division of the Eastern District of Tennessee who had stated his reasons in a carefully considered opinion.

When the case was returned to the Middle Tennessee District, the judge of that court, on motion of the defendant, held that the case had been lawfully and properly transferred by him to the Eastern District under authority of Rule 21 (b) of Federal Rules of Criminal Procedure, 18 U.S.C.A.; and that the judge of the last-mentioned district court possessed no right or authority to review and nullify his order. He refused to accept the retransfer of the case and ordered it stricken from the docket of his court.

The United States, through an Assistant Attorney General, has moved this appellate court to issue a mandatory order directing the United States District Court for the Eastern District of Tennessee, Northern Division, to vacate and expunge its order of August 10, 1953, refusing to accept the transfer of this criminal case. An order to show cause why this motion of the United States should not be granted was issued by this court and the same has been duly answered by the district judge to whom it was addressed. He adheres to his original position upon reasoned grounds which brings about a "judicial stalemate"; wherefore, it becomes the duty of this court to resolve the conflict of opinion among trial judges in the same state in this procedural matter which is of practical importance now and perhaps in future cases. Mandamus or a proceeding in the nature of mandamus is the appropriate procedure by which to decide the issue presented. See United States v. United States District Court, 334 U.S. 258, 263, 68 S.Ct. 1035, 92 L.Ed. 1351; Ex parte United States, 287 U.S. 241, 247, 53 S.Ct. 129, 77 L.Ed. 283; McClellan v. Carland, 217 U.S. 268, 280, 30 S.Ct. 501, 54 L.Ed. 762; State of Tennessee, by Wolfenbarger, etc., v. Taylor, 6 Cir., 169 F.2d 626, 637, which rather comprehensively reviews the subject of mandamus.

Rule 21(b) of the Federal Rules of Criminal Procedure provides: "The

court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or *from a bill of particulars* that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged." [Emphasis supplied.]

The Bill of Particulars, filed by the United States Attorney in response to defendant's motion, averred that the defendant resides in Knoxville, Tennessee, which is in the Eastern District, Northern Division of Tennessee; that only one witness resides in Nashville while forty-eight witnesses live in Knoxville; that most of the books and records to be introduced at the trial are in possession of people in Knoxville; that the returns of the defendant were prepared in Knoxville and that *"all acts showing wilful intent occurred in the Eastern District of Tennessee, except the technical filing of the returns in Nashville, Tennessee."*

This quoted averment clearly reveals that the United States District Court for Eastern Tennessee possesses concurrent jurisdiction with the Middle Tennessee District Court to try this case. A motion to transfer a criminal prosecution begun in one federal district court having jurisdiction of the subject matter, to another district also having jurisdiction is addressed to the discretion of the district judge to whom presented; and his order transferring the case for trial in the other district is not reviewable by the judge of the latter district. See Holdsworth v. United States, 1 Cir., 179 F.2d 933.

As was said by Judge Parker in Shurin v. United States, 4 Cir., 164 F.2d 566, 570: "The purpose of the discretion vested in the judge by Rule 21(b) was to expedite trials and give proper consideration to the convenience of parties and witnesses."

In our judgment, the United States District Court for Eastern Tennessee, Northern Division, was in error in refusing to accept jurisdiction in this case. Accordingly, the judge of that court is directed to vacate his order of August 10, 1953, refusing to accept the transfer of this criminal case, and is further directed to accept jurisdiction thereof and to proceed to set the case for trial in the normal course.

MILLER, Circuit Judge (dissenting).

The United States instituted the prosecution of the defendant in the Middle District of Tennessee, where the income tax returns were filed. Rule 18, Rules of Criminal Procedure. Removal thereafter by the defendant to the Eastern District under Rule 21(b), Rules of Criminal Procedure, was dependent upon the offense being *committed* in the Eastern District, as well as in the Middle District. I am of the opinion that the defendant has no right of removal to the Eastern District under the Rule, because the alleged offense of *filing* a false return, if *committed*, was *committed* at Nashville, Tennessee, in the Middle District, where and when the returns were received by the Collector and filed. United States v. Lombardo, 241 U.S. 73, 76, 36 S.Ct. 508, 60 L.Ed. 897; Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195, 196; Bowles v. United States, 4 Cir., 73 F.2d 772, 774; and that the preparation of the false return was not part of the offense. Reass v. United States, 4 Cir., 99 F.2d 752; United States v. Borow, D.C.N.J., 101 F.Supp. 211; See Burton v. United States, 202 U.S. 344, 388, 26 S.Ct. 688, 50 L.Ed. 1057; United States v. Lefkoff, D.C., 113 F.Supp. 551. Section 3237, Title 18, U.S. Code, which purports to provide for the institution of proceedings in a district where the offense was *begun*, does not apply to removal proceedings.