**UNITED STATES of America,
Appellee,**

v.

**Philip ALBANESE and Rosario
Albanese, Defendants,**

**Philip Albanese, Defendant-Appellant.
Nos. 273–274, Dockets 23426–23427.**

United States Court of Appeals
Second Circuit.

Argued April 14, 1955.

Decided June 2, 1955.

Archibald Palmer, Samuel Masia, New York City, for appellant.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of New York, New York City (Peter M. Brown, New York City, of counsel), for appellee.

Before CLARK, FRANK and STALEY, Circuit Judges.

FRANK, Circuit Judge.

■ 1. Viewing the facts, as we must, on appeal, most favorably to the prosecution, the evidence showed the following: Philip Albanese was the owner of a profitable truck-loading business at several piers along the Manhattan waterfront. He operated behind a paper wall of false and fictitious records to disguise his own financial interests. The two truckers of fruits and vegetables, who were his sole customers, paid appellant's fees to a collection agency which, in turn, paid cash to Albanese or his agents. The collection agency maintained no records and those records which they supplied to Albanese were destroyed. Ostensible owners of the business, as listed on identification papers required by government agencies, were Rosario Albanese for a part of the period covered by the indictment and Rocco Guarino during much of the remainder of the period. Actually neither was owner and, during a part of the period for which Guarino was listed as one, he had no connection whatever with the business. The real owner at all times was Philip Albanese who, however, was listed during most of the period in question on the payroll records as a dock worker. The prosecution introduced many details of the various unorthodox business practices which disguised the extent of the profits and the identity of the owner.

Tax returns for Philip Albanese were prepared by G. Joseph Moscarella, an accountant, on the basis of false information supplied to him by Albanese's agents. The information, and therefore the returns, considerably understated Albanese's income. For three of the four tax years in question, the tax returns were signed with Albanese's name by the accountant, and in the fourth year signed in Albanese's name by Rosario Albanese, who stood trial with him. There was ample evidence that appellant knew of, and directed, all of these activities.

■ 2. Appellant moved, before Judge Goddard, to dismiss Count I of this second indictment which charged a conspiracy to violate 26 U.S.C. § 145(b) and 18 U.S.C. § 1001, as barred by the statute of limitations. Judge Goddard held the alleged conspiracy to violate 18 U.S.C. § 1001 barred by the three-year period applicable to crimes enumerated by the criminal code, but held the alleged conspiracy to violate 26 U.S.C. § 145(b) not barred because governed by the special six-year limitation statute, 26 U.S.C.A. § 3748, applicable to certain crimes arising under the Internal Revenue laws. United States v. Albanese, D.C., 123 F.Supp. 732. The judge concluded that the indictment need not be dismissed and resubmitted to the jury merely to delete the reference to the statute now inapplicable, since the reference should be regarded as surplusage and ignored. We think this ruling proper. Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610. See also United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788; Pruett v. United States, 9 Cir., 3 F.2d 353; Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793.

■ 3. Before trial, the defendants made a motion to dismiss two counts of the indictment for improper venue, which Judge Kaufman denied. United States v. Albanese, D.C., 117 F.Supp. 736. The counts, dealing with different years, alleged that the defendants knowingly attempted to evade a part of the taxes owed

to the government by preparing, causing to be prepared, and causing to be mailed in the Southern District of New York, and by filing and causing to be filed with the Collector of Internal Revenue in Albany, a false and fraudulent return. The appellant contends that, since the returns were filed in Albany, proper venue is in the Northern District of New York. But the crime specified by 26 U.S.C. § 145(b) is an "attempt in any manner to evade or defeat any tax". The actual act of filing is not an essential element of the offense. The defendant's entire course of conduct in the Southern District of New York, from preparing false records to the mailing of false returns, came within the ambit of the "attempts" statute, and venue was thus proper.

■ 4. It is of no import that Albanese did not personally sign any of the returns filed in his name. Both direct and circumstantial evidence, viewed favorably to the government, show that he caused the false returns to be filed. Treasury Agent Dugan testified that Albanese had admitted to him that the returns were his, and that he had given permission to the others to sign them for him. Quite apart from the filing, Albanese pursued a line of conduct—listing himself as an "employee" on the records of the business, causing false statements to be sent to government agencies, permitting the destruction of usual business records, etc.—from which the jury might reasonably have inferred a violation of 26 U.S.C. § 145(b). See Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418.

■ 5. The appellant challenges various rulings in regard to Government Exhibit 37, a contemporaneous memorandum of Treasury Agent Dugan made in connection with a meeting between Dugan, the appellant and his attorney. After Dugan had given contradictory evidence of the date of the meeting, the memorandum, marked by the prosecution for identification, was shown to Dugan to refresh his recollection. When the prosecution then sought to introduce the memorandum in evidence, the defense objected on the ground that it was being offered to corroborate the government's own witness, and this objection was sustained. Again when the attorney who had been present at the conference testified on behalf of the defense, the prosecution, during cross-examination showed the paper to the witness, despite some protest from the defendant, and inquired whether it refreshed his recollection. The witness responded that his recollection required no refreshment. The government then again sought to introduce it in evidence, the defense again objected, and the court again sustained the objection. In none of these rulings was there any error or any prejudice.

■■ 6. A slight variance, between the bill of particulars and the proof proferred at the trial, was not prejudicial. Nor is there substance to the assertion of variance between the bill of particulars furnished appellant and the bill furnished the court, since the record shows that, whatever discrepancy there may have been, appellant and his attorneys had a correct copy of the bill. Other alleged errors are similarly insubstantial and do not merit discussion.

Affirmed.