Samuel KOWALSKY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18447.

United States Court of Appeals
Fifth Circuit.

May 17, 1961.

Rehearing Denied June 22, 1961

Ralph G. Langley, Gordon G. Hawn, Foster, Lewis, Langley & Onion, San Antonio, Tex., for appellant.

William B. Butler, U. S. Atty., Myron M. Sheinfeld, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

Defendant-appellant was tried on an indictment charging him in three counts with willfully and knowingly attempting to evade and defeat a large part of his and his wife's income tax for the calendar years 1954, 1955 and 1956. He was convicted on Count Two and Count Three and acquitted on Count One.

Here he attacks the conviction and seeks a reversal on three formal specifications of error:[1] (1) that venue was not properly laid in the district of appellant's residence in the Southern District of Texas, since the return was filed in another district, and the only act alleged in the indictment to have been committed in the Southern District was the preparation of the return; (2) that the conduct of the trial judge during

---

1. These specifically are:

(1) The trial court erred in overruling appellant's Amended Motion to Dismiss the Indictment, such motion being predicated on the ground that venue was not proper in the Southern District of Texas inasmuch as the indictment alleged as the only act committed in such District the prepartion of the return.

(2) The conduct of the trial judge during the course of the trial was of such nature as to destroy his position as an impartial arbitrator and to make apparent his advocacy in the Government's behalf and his own conviction of appellant's guilt to that appellant was denied a fair and impartial trial. In this connection, the following acts are assigned as error, severally and cumulatively:

(a) By vocal inflections, manner and context or his questions, the trial judge, in his own cross-examination of appellant's wife and principal witness, reflected his personal conviction of appellant's guilt, assumed the position of a prosecutor, and abandoned his role of impartiality; and

(b) Permitting the Government, on several occasions to obtain recesses, both during the day and before normal closing time, in the afternoon, thereby assisting the prosecution of the case; and summarily denying equality of treatment of appellant in this regard, notwithstanding the fact that the attention of the court was called to such disparity; and

(c) Permitting Government counsel, following the introduction of exhibits and at the time of handing same to the jurors for examination, to comment thereon and to call attention of the jury to certain aspects thereof, overruling, on each such occasion, the objections of appellant's counsel to such untimely argument and testimony by Government attorneys, thereby creating in the mind of the jury the impression that such conduct was proper and that appellant's counsel was merely obstructing the trial in objecting thereto; and

(d) By unreasonably requiring the jury to continue with its deliberations after the court had been advised by the jurors that the jury was hopelessly deadlocked, thus, in effect, requiring the minority of the jurors to surrender to the majority, not that justice be done and on the basis of a personal conviction of appellant's guilt, but in order to terminate their service as jurors.

(3) The error of the trial court in denying appellant's Motion for Judgment of Acquittal on the ground of the Government's failure to prove whether appellant was on the cash or accrual basis or some other basis of reporting income, the Government's evidence being fatally deficient in failing to show that the items of alleged unreported income were actually required to be reported during the year in question.

the course of the trial was of such a nature as to abandon his position as a disinterested judge and place him in the position, and give him the appearance of, an advocate in the government's behalf, and to make his own conviction of appellant's guilt so manifest to the jury as to deprive the appellant of a fair trial; and (3) that, since the Government's case failed to show whether appellant was on the cash, the accrual, or some other method of accounting, the motion for judgment of acquittal should have been granted.

Both appellant and appellee argue the first question vigorously and cite many cases on venue. Among the cases cited by the government in support of its view that venue was properly laid in the Southern District of Texas, under the allegations of the indictment, are our cases of Holbrook v. United States, 216 F.2d 238, and Reynolds v. United States, 225 F.2d 123. In these cases we held that where, as here, the indictment charged the fraudulent preparation in one district and the filing of the return in another, venue would lie in either district. These cases, we think, are controlling here. In addition to our cases, there are cases from other circuits holding substantially to the same effect, United States v. United States District Court, 6 Cir., 209 F.2d 575. Cf. United States v. Albanese, 2 Cir., 224 F.2d 879, and Henslee v. United States, 5 Cir., 262 F.2d 750.

Appellant's second specification, its attack upon the conduct of the trial judge, while in principle sound if the conduct of the judge is shown to be inimical and partisan, requires in its support a clear showing, which is not made here, that the conduct was such as to carry prejudice with it. This court has many times stated and applied the principles governing here. In each case we have recognized that there must be something more to justify a retrial than a mere suspicion or feeling that prejudice may have resulted from this source. It must appear plain and clear. Applying the rule to the facts in this case,

we are of the opinion that the appellant has failed to point to facts, utterances, and occurrences which support his claim with sufficient clarity to justify his conclusion that the conduct and actions complained of were such as to show to the jury that the judge was to an extent an advocate for the government, that his conduct and actions were such as to convey to the jury that he thought the defendant was guilty, and to influence the jury in that direction.

We cannot find in the record any sound basis for holding that what the judge did and said exhibited partisanship or that the defendant did not receive at his hands a full, fair, and impartial trial. No exception was taken or errors assigned to the rulings of the judge in the admission of evidence or to his charge, indeed the charge was full and fair and protected all of the defendant's rights. He particularly instructed the jury *that they were not to be influenced by any opinion they might think the judge had,* and he expressly declined to exercise his right to comment upon the evidence. In no way did he give his opinion as to what he thought about the evidence, as to which witnesses he thought were credible and worthy of belief. In particular he instructed the jury:

"I instruct you now that if from anything I say to you in the course of my charge you draw some inference or conclusion as to my own feeling about the matter, about the evidence of guilt or innocence of the defendant, it is not intended on my part to tell you or direct you as to what your verdict should be. *The finding of facts is your exclusive province.*" (Emphasis added.)

He also instructed the jury *that the questioning of a witness by the court should not be construed as indicating to the jury the court's feeling as to the guilt or innocence of the accused or the credibility of any witness.* Finally, he said:

"If despite these instructions, you draw some conclusion or inference or feeling about these matters, I in-

struct you that it should not influence you in the slightest as to the innocence or guilt of the defendant."

No exception was taken to this part of the charge, nor was any more specific request made for an instruction as to the matter here complained of.

■■ Appellant's main point against the judge is his examination of Mrs. Kowalsky, the wife of the appellant. While it is well settled that a judge has the right to examine a witness, it is equally well settled that he should not, in doing so, do it in such a way as to seek to convey to the jury any impression or feeling that he thinks the witness is unworthy of belief. We do not think that the examination of Mrs. Kowalsky, while vigorous and incisive, can be said to have been more than that, or to have conveyed personal prejudice or hostility, or a conviction of its falsity.

■ In addition to the complaint as to the cross-examination of Mrs. Kowalsky, appellant puts forward as evidence of unfair and partisan conduct the action of the court in permitting the government on several occasions to obtain recesses both during the day and before normal closing time in the afternoon and, thereby, assisting the prosecution of the case and denying equality of treatment to appellant in this regard, notwithstanding the fact that the attention of the court was called to such disparity. As to this matter, we think a careful reading of the record as to what was said and done by the court in connection with appellant's request refutes the claim.

■ Another point put forward in support of appellant's claim is the fact that the court, having been advised by the jurors that the jury was hopelessly deadlocked, unreasonably required the jury to continue with its deliberation, thus in effect requiring the minority of the jurors to surrender to the majority, not that justice be done on the basis of a personal conviction of appellant's guilt, but in order to terminate their service as jurors. The record [2] on this matter, in our opinion, does not support this contention. The action taken and the instructions given were in accord with authority and established practice.

■ Of his third specification, that the evidence failed to prove whether appellant reported his income on the cash, the accrual, or some other basis, and, therefore, no case was made out against him, we agree with the government's position that the cases cited by appellant on this point are all cases where the government had used the net worth method of proof and not cases, like this one, where the government undertook to, and did, prove its case by making proof of specific omissions of income, which had been clearly proven. Under the facts and circumstances of this case, where specific omissions were shown, it was not necessary, in order for the government to make a case, to show the

---

2. The record shows merely that the court, when advised that the jury was deadlocked, said to them: "I would prefer that you all have a further look at the matter. Each juror, of course, has his or her own opinion, but I think it would be well if each of you would re-examine your views in the light of the argument advanced by those who do not share them. I am going to ask you, please, to return and give the matter further careful thought. After a while, later in the day, if you tell me you are unable to reach a verdict, I shall excuse you and declare a mistrial. Thank you."

Whereupon the jurors withdrew to the jury room for further deliberations.

Thereafter at 3:10 P.M. of the same day the jury returned to the court room, and the following proceedings were had:

The Court: "Be seated, please."

"Mrs. Plumb, I take it that you all have not made any progress in trying to arrive at a verdict since you were in this morning?"

Mrs. Plumb: "May I say something? We have not arrived at a unanimous decision, but please let us go back for a few minutes more."

The Court: "I will be glad to let you go back, and I hope that you are able to arrive at a unanimous verdict."

and a short time thereafter the verdict was returned.

basis on which defendant kept his books and made his returns or any more clearly than it did the omission to report specific income. It was sufficient to make out a case of income tax evasion here to show, by the evidence, as was done, that defendant had income in the years in question which he, with intent to evade payment, failed to report.

No showing of reversible error is made. The judgment is affirmed.