**UNITED STATES of America**

v.

**Grant FOSTER.**

**Crim. No. 25463.**

United States District Court
D. Maryland.
Aug. 30, 1961.

Joseph D. Tydings, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Walter Humkey, Harold L. Ward, and Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for defendant.

THOMSEN, Chief Judge.

This case is before the court on a series of motions filed by defendant, only four of which require discussion. The indictment contains two counts charging tax evasion by filing fraudulent returns and two charging failure to file.

Count 1 charges a violation of sec. 145 (b), I.R.C.1939, 26 U.S.C.A. § 145(b), in that:

"On or about the 30th day of October, 1953, in the District of Maryland, Grant Foster, a citizen of the United States of America, residing in the Republic of Venezuela, * * did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1952, by filing and causing to be filed with the Director of Internal Revenue at Baltimore, Maryland, a false and fraudulent joint income tax return * * *, wherein it was stated that their adjusted gross income for said calendar year was the sum of $3,175.46 and that the amount of tax due and owing thereon was the sum of $102.00, whereas, as he then and there well knew, their adjusted gross income for the said calendar year was the sum of $304,-291.42, upon which * * * there was owing * * * an income tax of $230,959.47."

Count 2 is similar, except as to dates and amounts. It charges a violation of sec. 7201, I.R.C.1954, 26 U.S.C.A. § 7201,[1] since the return was filed on September 24, 1954, for the calendar year 1953.

Count 3 charges:

"That during the calendar year 1955, Grant Foster, a citizen of the United States of America, residing in Costa Rica, had and received a gross income of $22,579.28; that by reason of such income he was required by law, after the close of the calendar year 1955 and on or before April 15, 1956, to make an income tax return to the District Director * * * at Baltimore,[2] * * * that * * * he did wilfully and knowingly fail to make

---

[1] The 1954 Code applies to offenses committed after its enactment. See sec. 7851 (a) (6) (C), I.R.C.1954, 26 U.S.C.A. § 7851(a) (6) (C).

[2] Non-resident citizens were at that time required to file their returns with the District Director at Baltimore. See secs. 6091(a), 6091(b) (1), I.R.C.1954, 26 U.S. C.A. § 6091(a), (b) (1), and T.D. 6091, paras. 1 and 2, Aug. 17, 1954, 19 F.R. 5167. See also United States v. Yarborough, D.Md., 16 F.R.D. 212, affirmed 4 Cir., 230 F.2d 56, certiorari denied 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487, and cases and regulations cited therein.

said income tax return to the said District Director * * * or to any other proper officer of the United States within the time prescribed by law."

Count 4 charges a similar offense for the year 1956. Sec. 7203, I.R.C.1954, 26 U.S.C.A. § 7203, applies to both.

## I.

Defendant has moved under Rule 21 (b), F.R.Crim.P., 18 U.S.C.A., to transfer the entire case to the Southern District of Florida, Miami Division. Rule 21(b) provides:

"*Offense Committed in Two or More Districts or Divisions.* The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

■ It is not necessary that all of the counts be transferable in order that some of the counts be transferred. United States v. Choate, 5 Cir., 276 F.2d 724.[3] This court must therefore consider with respect to each of the four counts (1) whether it *can* be transferred under Rule 21(b), and (2) whether it should be transferred.

*Count 1.* Sec. 145(b) of the 1939 Code makes it a felony to attempt in any manner to defeat and evade the payment of an income tax. Congress did not define or limit the methods by which a wilful attempt to defeat and evade might be accomplished. Indictments customarily charge that the defendant wilfully attempted to evade and defeat the tax in some specified manner or by some speci-

fied act; e. g., the first count in the case at bar charges that the defendant "did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing * * * by filing and causing to be filed with the Director of Internal Revenue at Baltimore, Maryland, a false and fraudulent joint income tax return * * *".

Defendant contends that although the indictment charges only one "manner" in which the attempt to evade and defeat the tax was made, the crime consisted of the entire attempt; that all acts done pursuant thereto were parts of the crime; and, therefore, that the crime was committed wherever any such act was done. Specifically defendant argues: (1) that it appears from the "answer" filed by the government pursuant to the order of this court of June 2, 1961, that the return was placed in the mails in Miami, Florida; (2) that defendant has stated in open court (though not under oath) and through his counsel that he signed the return in Miami; and (3) that it appears from affidavits of other persons that the returns were prepared by accountants in Miami from information furnished to them by one of defendant's attorneys.

Rule 21(b), F.R.Crim.P., supra, requires that the facts showing "that the offense was committed in more than one district" shall appear "from the indictment or information or from a bill of particulars". That requirement has been waived in certain cases, e. g. in United States v. Warring, D.Md., 121 F. Supp. 546, affirmed 4 Cir., 222 F.2d 906, certiorari denied 350 U.S. 861, 76 S.Ct. 102, 100 L.Ed. 764, where the government conceded that the facts stated by the defendant's counsel were true. In the case at bar the government has refused to include in a bill of particulars or otherwise to concede that the returns were prepared or signed in Florida. Because an attorney for defendant stated

---

3. I have concluded that I should follow the majority opinion in United States v. Choate, rather than the dictum of Judge

Coleman in United States v. Erie Basin Metal Products Co., D.Md., 79 F.Supp. 880.

in a letter dealing with his civil liability, "there is absolutely no connection between Miami and my client", and the various affidavits do not admit that any evasive act was committed or intention formed in Florida, or elsewhere, I cannot say that the government is not justified in refusing to admit the statements upon which defendant relies. Nor can I consider that they have been sufficiently established to satisfy Rule 21(b).

■ There remains only the particular that the return was mailed from Miami, Florida. It does not appear that defendant was there at the time it was mailed or had directed whence it should be mailed. In view of the general statements in Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418, and United States v. Johnson, 319 U.S. 503, 515, 63 S.Ct. 1233, 87 L.Ed. 1546, it may be that the mailing constituted an act in furtherance of the attempt. However, in view of Judge Chesnut's opinion in Warring, supra, and of Bowles v. United States, 4 Cir., 73 F.2d 772, 774, United States v. Aaron, N.D.W.Va., 117 F. Supp. 952, and the dissenting opinion of Judge Miller in United States v. United States District Court, 6 Cir., 209 F.2d 575, 577, it is not certain that the mailing of the return was a part of the offense charged in the indictment, which specified only one manner, namely, "by filing or causing to be filed with the Director of Internal Revenue at Baltimore, Maryland, a false and fraudulent joint income tax return".[4] It is doubtful, therefore, whether the offense charged in Count 1 was "committed" in the Southern District of Florida. On the other hand, it is clear, indeed conceded, that it was committed in the District of Maryland. Bowles v. United States, supra; United States v. Warring, supra.

*Count 2.* What has been said about the first count applies also to the second count.

■ *Counts 3 and 4.* The third and fourth counts charge wilful failure to file returns for the calendar years 1955 and 1956 respectively, which should have been filed with the District Director for the collection District of Maryland, at Baltimore, since defendant was then residing in Costa Rica.[5] Prosecutions for failure to file returns can only be brought in the judicial district where the return should have been filed. Bowles v. United States, 4 Cir., 73 F.2d at page 774; United States v. Lombardo, 241 U.S. 73, 36 S. Ct. 508, 60 L.Ed. 897; United States v. Yarborough, D.Md., 16 F.R.D. 212, affirmed 4 Cir., 230 F.2d 56, certiorari denied 351 U.S. 969, 76 S.Ct. 1034, 100 L. Ed. 1487, and cases cited in the two Yarborough opinions.

■ *Conclusion.* Rule 21(b) does not authorize the transfer of the entire case when some of the counts are transferable and some are not. United States v. Choate, supra.

■ Since it is doubtful whether the first two counts are transferable under Rule 21(b), and it is clear that the third and fourth counts are not transferable, it would not be in the interest of justice to transfer some of the counts to Florida leaving some in this District, even if this court has the power to do so. Moreover, the inconvenience and duplication of effort in conducting two trials in widely separate jurisdictions would override any possible convenience to some of the witnesses and any possible saving to the defendant from not having to bring some of the witnesses to Maryland.

■ Defendant's argument that venue may be waived does not help him in this case. His contention is fully answered

---

4. In a number of cases, relied on by defendant, the offense charged in the indictment was the attempt to evade taxes by the making of false records, or by the preparation as well as the filing of false returns. In those cases the offense was held to have been committed wherever the acts charged in the indictment were performed. Kowalsky v. United States, 5 Cir., 290 F.2d 161; United States v. Gross, 2 Cir., 276 F.2d 816; United States v. Albanese, 2 Cir., 224 F.2d 879; Beaty v. United States, 4 Cir., 213 F.2d 712.

5. See note 2, supra.

by United States v. Choate, 276 F.2d at pages 727, 728. The many cases cited by defendant support waiver of venue only in cases where jurisdiction had been or might have been properly invoked. The decision in Choate is supported by the reasoning of the Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

## II.

■ Defendant has also moved to transfer the case to the Southern District of Florida under 18 U.S.C.A. § 3238, which provides:

> *"Offenses not committed in any district*
>
> "The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district where the offender is found, or into which he is first brought."

Defendant was indeed found and arrested in the Southern District of Florida, but it does not appear from the indictment, the affidavits or other material properly before the court that any offense charged was begun or committed upon the high seas or elsewhere out of the jurisdiction of any state or district.

The offenses charged in Counts 3 and 4 (wilful failure to file) were committed only in the District of Maryland. See cases discussed above in connection with the motion under Rule 21(b).

Even if the offenses charged in Counts 1 and 2 (wilful attempt to evade or defeat the tax by filing or causing to be filed a false and fraudulent return) *can* be committed in more than one district, (1) it is clear that they were committed in the District of Maryland, and (2) it has not been shown that either of the offenses was begun in Venezuela, where defendant then resided, or elsewhere outside the United States, or in the Southern District of Florida, where he came from time to time, or in some other district in the United States, where he had various interests.

It is true, as defendant argues, that wilfulness is an element of the crime and must be proved, usually by inference from the evidence, but it has never been thought that a defendant could secure a transfer or a dismissal of the charges against him by alleging or testifying that his wilful intent was conceived in some place outside the jurisdiction where the crime was committed. Moreover, in the case at bar defendant has not alleged or admitted that he formed such an intent anywhere, or did anything in furtherance of an attempt to avoid taxes.

## III.

Defendant has moved to dismiss Counts 1 and 2 on the ground of limitations. The returns upon which those counts are based were filed on October 30, 1953, and September 29, 1954, respectively. The indictment was filed on January 10, 1961. Since the period of limitations under both the 1939 Code and the 1954 Code is six years for the offenses charged in Counts 1 and 2, each of those counts must be dismissed unless the applicable tolling provisions are effective to prevent that result.

Sec. 3748, I.R.C.1939, 26 U.S.C.A. § 3748, provided a three year period of limitations "except that the period of limitation shall be six years * * * for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof * * *. The time during which the person committing any of the offenses above mentioned is *absent from the district wherein the same is committed* shall not be taken as any part of the time limited by law for the commencement of such proceedings." (Emphasis supplied.)

Sec. 6531, I.R.C.1954, 26 U.S.C.A. § 6531, provides for a similar six year period, with the following tolling provision:

> "The time during which the person committing any of the various offenses arising under the internal revenue laws is *outside the United States* or is a fugitive from justice within the meaning of section 3290

of Title 18 of the United States Code, shall not be taken as any part of the time limited by law for the commencement of such proceedings. (The preceding sentence shall also be deemed an amendment to section 3748(a) of the Internal Revenue Code of 1939, and shall apply in lieu of the sentence in section 3748(a) which relates to the time during which a person committing an offense is absent from the district wherein the same is committed, except that such amendment shall apply only if the period of limitations under section 3748 would, without the application of such amendment, expire more than 3 years after the date of enactment of this title, and except that such period shall not, with the application of this amendment, expire prior to the date which is 3 years after the date of enactment of this title.) \* \* \* " (Emphasis supplied.)

It is agreed that the tolling provisions of sec. 6531, I.R.C.1954, apply to Count 2, but defendant contends that Count 1 is controlled by sec. 3748, I.R.C.1939, as it read before it was amended by sec. 6531 of the 1954 Code. He stresses the distinction between "absent from the district wherein the same is committed" and "outside the United States". However, for the reasons stated below I have concluded (A) that the amendment applies to Count 1; (B) that under the provisions of sec. 6531, I.R.C.1954, the period of limitation with respect to both Count 1 and Count 2 was tolled until the filing of the indictment; and (C) that even if sec. 3748, I.R.C.1939, as originally enacted, should be held to control Count 1, limitations would still be tolled.

### (A)

■ Defendant cites sec. 7851 of the 1954 Code to support his argument that the amendment to sec. 3748 of the 1939 Code contained in sec. 6531, quoted above, is not applicable to the offense alleged in Count 1. The relevant portions of sec. 7851 are set out in Note [6] below. They do not support defendant's contention.

6. "§ 7851. *Applicability of revenue laws*
"(a) *General rules.*—Except as otherwise provided in any section of this title—
\* \* \* \* \* \* \* \*
"(6) *Subtitle F.*—
"(A) *General rule.*—The provisions of subtitle F shall take effect on the day after the date of enactment of this title and shall be applicable with respect to any tax imposed by this title. The provisions of subtitle F shall apply with respect to any tax imposed by the Internal Revenue Code of 1939 only to the extent provided in subparagraphs (B) and (C) of this paragraph.
\* \* \* \* \* \* \* \*
"(C) *Taxes imposed under the 1939 Code.*—After the date of the enactment of this title, the following provisions of subtitle F shall apply to the taxes imposed by the Internal Revenue Code of 1939, notwithstanding any contrary provisions of such code: \* \* \*
"(iii) Chapter 75, relating to crimes and other offenses, but only insofar as it relates to offenses committed after the date of enactment of this title, and in the case of such offenses, section 6531, relating to periods of limitation on criminal prosecution, shall be applicable. \* \* \*
\* \* \* \* \* \* \*
"(b) *Effect of repeal of Internal Revenue Code of 1939.*—
"(1) *Existing rights and liabilities.*—The repeal of any provision of the Internal Revenue Code of 1939 shall not affect any act done or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause, before such repeal; but all rights and liabilities under such code shall continue, and may be enforced in the same manner, as if such repeal had not been made.
\* \* \* \* \* \* \*
"(c) *Crimes and forfeitures.*—All offenses committed, and all penalties or forfeitures incurred, under any provision of law hereby repealed, may be prosecuted and punished in the same manner and with the same effect as if this title had not been enacted.
"(d) *Periods of limitation.*—All periods of limitation, whether applicable to civil causes and proceedings, or to the prosecution of offenses, \* \* \* hereby repealed shall not be affected thereby, but all suits \* \* \* or prosecutions, whether civil or criminal, for causes arising,

Sec. 7851(a) (6) (A) and 7851(a) (6) (C) (iii) relate only to offenses, such as the offense charged in Count 2, which occurred after August 16, 1954, the date of the enactment of the 1954 Code. Those provisions have no effect on offenses, such as the offense charged in Count 1, which occurred before August 16, 1954.

Subsection (b) appears to deal only with civil causes, but in so far as it may apply to criminal cases it gives no aid to defendant in this case.

Subsection (c) authorizes the prosecution of the offense charged in Count 1, if it is not barred by limitations.

Subsection (d) deals with limitations. It provides: "All periods of limitation * * * hereby repealed shall not be affected thereby, but all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising, or acts done or committed, prior to said repeal, may be commenced and prosecuted within the same time as if this title had not been enacted."

Sec. 3748 of the 1939 Code was not *repealed* by the 1954 Code, but was *amended* by sec. 6531 of the 1954 Code, quoted above. Sec. 3748 remains in force *as amended* with respect to offenses which occurred before the effective date of the 1954 Code "if the period of limitations under sec. 3748 would, without the application of such amendment, expire more than 3 years after the date of enactment of this title". That condition was satisfied, because the offense charged in Count 1 was committed on October 30, 1953, the period of limitations was six years, and without any tolling would not have expired until more than three years after August 16, 1954.

Sec. 7851(d) is not inconsistent with sec. 6531; but if there were any inconsistency or ambiguity, the specific provisions of sec. 6531 would prevail over the general provisions of sec. 7851(d). "However inclusive may be the general language of a statute, it 'will not be held

to apply to a matter specifically dealt with in another part of the same enactment * * *'. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208 [52 S.Ct. 322, 323, 76 L.Ed. 704]," [Clifford F.] MacEvoy Co. v. United States, 322 U.S. 102, 107 [64 S.Ct. 890, 894, 88 L.Ed. 1163]. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, at pages 228–229, 77 S.Ct. 787, 791, 1 L.Ed.2d 786.

It seems clear, therefore, that Count 1 is controlled by sec. 3748(a) of the 1939 Code, as amended by sec. 6531 of the 1954 Code.

### (B)

■ The meaning of sec. 6531 is also clear. "Outside the United States" means exactly what it says. If there were any doubt about the matter, it would be cleared up by the legislative and judicial history of the tolling provisions in the 1939 and 1954 Codes. That history is also useful to show the proper construction of sec. 3748 of the 1939 Code, as originally enacted, if it should be held on appeal that I am wrong in ruling that the provisions of sec. 6531 of the 1954 Code now apply to both counts.

As originally proposed in Congress in 1884, the tolling provision would have applied only "to persons beyond the reach of legal process"; the wording "absent from the district" was introduced in Committee, 15 Cong.Rec. 5770. Although not express, the intent of this change was apparently to make the language of the federal statute coincide with that of state civil provisions rather than to affect its substance. Since at that time jurisdiction of a federal criminal court extended only to the limits of the judicial district in which it sat, see Mitchell v. Dexter, 1 Cir., 1917, 244 F. 926, 930–931, the substitution did not in fact alter the scope of the section. See note, 66 Harv.L.R. 1323; Wolfram, Tolling the Statute of Limitations in a Criminal Tax Case, 28 Taxes 53, 55 (1950); both quoted by

---

or acts done or committed, prior to said repeal, may be commenced and prosecuted

within the same time as if this title had not been enacted."

Judge Chesnut in United States v. Beard, D.Md., 118 F.Supp. 297, 299.

The construction of the pre-1954 tolling provision by the district courts was not uniform, and there seems to have been no appellate decision. Some courts held that "absent" should be construed literally, as meaning, "not present".[7] This literal construction seemed unfair in certain cases, especially where the defendant lived in one judicial district and was required to file his return with a collector whose office was in another judicial district. Some courts, therefore, refused to apply the literal construction and construed absent to mean "removing from" or "fleeing from".[8] It is difficult to reconcile the reasoning of the various opinions, but Mertens suggests: "The test seemed to be whether the absence interfered in some manner with the ordinary method of finding an indictment or constituted an interference to the execution of process." 10 Mertens, Laws of Federal Income Taxation, Zimet Revision, ch. 55A, p. 51, n. 2.

In line with the legislative history, it was generally agreed that since "federal criminal process now runs throughout the nation, Fed.R.Crim.P. 4(c) (2) [18 U.S.C.A.], it would seem that the tolling clause should still apply only to those 'beyond the reach of legal process'—i. e., outside the country." 66 Harv.L.R. at, 1323, quoted by Judge Chesnut in Beard, supra [118 F.Supp. 299]. When the 1954 Code, containing the present language of sec. 6531, was under consideration, the Senate Committee reported, "Under existing law the period of limitations is suspended during the period the taxpayer is outside of the judicial district in which the offense was committed", and agreed with the House that it was desirable to change the existing law "by providing that the period of limitations shall be suspended during the period the taxpayer is outside the territorial limits of the United States, and by expressly referring to the suspension of the period of limitations while the taxpayer is a fugitive from justice." 1954 U.S.Code Congressional and Administrative News, p. 5237.

It is quite clear, therefore, that the 1954 Code was intended to mean literally what it says—that the time during which the person committing any of the various offenses is outside the United States shall not be taken as any part of the time limited by law for the commencement of proceedings against him. And since, as we have seen, sec. 6531 of the 1954 Code amended sec. 3748(a) of the 1939 Code in this respect, the same provision applies to Count 1.

The indictment was filed on January 10, 1961, seven years and 72 days after the filing of the return which is the basis of Count 1, and six years and 103 days after the filing of the return which is the basis of Count 2. Testimony was taken and exhibits and affidavits were filed to show the time defendant was outside the United States. The essential facts, as I find them, may be briefly stated, largely from defendant's own affidavit. During all material times defendant was a citizen of the United States, residing in Venezuela and Costa Rica. He occasionally visited the United States, in some years as often as ten or twenty times, spending from one to several days in this country on each visit, but he spent most of his time outside the United States. His exact whereabouts at all times does not appear, but it does appear that he was in Costa Rica alone at least 580 days during the years 1955 to 1960, more than

7. United States v. Satz, N.D.N.Y., 109 F. Supp. 94; United States v. Udell, D.Del., 109 F.Supp. 96; United States v. Patenotre, S.D.N.Y., 81 F.Supp. 1000; United States v. Hershenson, S.D.N.Y., 131 F. Supp. 782; United States v. Greenfield, E.D.N.Y., 131 F.Supp. 843; 10 Mertens Law of Federal Income Taxation, ch. 55A, p. 51, n. 2.1.

8. United States v. Beard, D.Md., 118 F. Supp. 297, affirmed on other grounds 4 Cir., 222 F.2d 84; United States v. Eliopoulos, D.N.J., 45 F.Supp. 777. See also United States v. Goodman, E.D.Va., 178 F.Supp. 338; United States v. Jurzykowski, N.D.N.Y., 159 F.Supp. 7.

125 days during each of the years 1958–1960.

### (C)

▮ Even if it should be held that sec. 3748 of the 1939 Code was not so amended, it should, in its original form, be construed as tolling the statute in the instant case. As noted above under heading (B), several courts and the Senate Committee held or believed that "absent from the district" should be construed literally. Even under the rationale of most of the hardship cases cited above, the period of limitations should be held to have been suspended while the defendant was living beyond the process of the court, absent from the country as well as from the district, especially where, as in the case at bar, such absence seriously interfered with the investigation of the matter by the Internal Revenue Service.

I find from the evidence that the investigation of the case was delayed for two years by defendant's residence in Venezuela and Costa Rica, and by the strenuous efforts of defendant's counsel to prevent the investigation of the case in Venezuela and elsewhere outside the United States. Such investigation as could be made in the United States was also resisted by defendant. See In re Foster, S.D.N.Y.1959, 159 F.Supp. 444; Foster v. United States, 2 Cir., 265 F.2d 183, certiorari denied 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261.

For all of the foregoing reasons, the motion to dismiss Counts 1 and 2 on the grounds of limitations should be denied.

### IV.

▮ Defendant has moved to dismiss Counts 3 and 4 "upon the ground that it affirmatively appears from the language of said indictment that no offense is alleged". In his brief and oral argument, he contends that his returns for the years 1955 and 1956 were not due until June 15 of the following year, and since the counts charge failure to file on or before April 15 they do not allege the violation of any law. He concedes, as he must, that the statute required that such returns be filed on or before the 15th day of April following the close of each calendar year. 26 U.S.C.A. §§ 6071, 6072 (a). He relies on Rev.Ruling 55–171, sec. 11.05, Internal Revenue Cumulative Bulletin 1955–1, at p. 90, which provides:

"Due date for filing returns.— Citizens of the United States who, on April 15, are residing or traveling outside of the United States and who file their returns on the calendar year basis are automatically allowed an extension of time until June 15 for filing the return for the preceding taxable year. Similarly, an extension of 2 months is granted to fiscal-year taxpayers. A taxpayer who takes advantage of this extension must attach to his return a statement showing that he was residing or traveling outside the United States on the due date (April 15, for calendar-year taxpayers), and he must pay interest at the rate of 6 percent per annum on the unpaid tax, if any, from the due date until paid."

A taxpayer who desires to take advantage of the extension must do certain things listed in the Ruling, which defendant did not do. Indeed, he did not file his return on or before June 15 in either year nor take any action before that date to secure a further extension. See sec. 11.06 of the Ruling, Ibid., p. 90. Under these circumstances a taxpayer cannot claim the benefit of sec. 11.05.

Moreover, the Rev. Ruling does not change the statute. It is not a Treasury Regulation having the force of law. See Introduction to Internal Revenue Bulletin, 1955–1, p. 1.

▮ Finally, although Count 3 alleges that the defendant "was required by law after the close of the calendar year 1955 and on or before April 15, 1956 to make an income tax return", the indictment charges that "he did wilfully and knowingly fail to make said income tax return * * * *within the time pre-*

*scribed by law.*"[9] (Emphasis supplied.) Since the defendant is charged with not filing "within the time prescribed by law", the indictment sufficiently alleges an offense whether the due date was April 15 or June 15, inasmuch as no return was filed on or before either of those dates.

### Orders

I.   The motion to transfer under Rule 21(b), F.R.Crim.P., is hereby denied.

II.   The motion to transfer under 18 U.S.C.A. § 3238 is hereby denied.

III.   The motion to dismiss Counts 1 and 2 is hereby denied.

IV.   The motion to dismiss Counts 3 and 4 is hereby denied.

9.   Count 4 is to the same effect with respect to the year 1956.