UNITED STATES of America,
Plaintiff,

v.

Grant FOSTER, Defendant.

Crim. A. No. 25463.

United States District Court
D. Maryland.

Oct. 11, 1963.

Joseph D. Tydings, U. S. Atty., and Robert J. Carson, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

George Cochran Doub, and Herbert H. Hubbard, Baltimore, Md., for defendant.

WINTER, District Judge.

Defendant was indicted in four counts. Each of the first two charged a wilful attempt to evade the payment of income taxes by filing a false and fraudulent income tax return at Baltimore, Maryland; and the third and fourth each charged a wilful failure to file any income tax return. In pre-trial motions, defendant, *inter alia*, sought a transfer of the entire case, pursuant to Rule 21(b) of the F.R. Crim.P., to the Southern District of Florida. Factually, the motion was based upon (1) a bill of particulars filed by the Government in which it stated " * * * the envelope containing Defendant's return was stationery of Yonge, Whiteside and Prunty, Miami, Florida, Attorneys, and was post-marked International Airport, Florida;" (2) a statement of defendant in open court (though not under oath), and through his counsel, that he signed the returns in Miami; and (3) affidavits of other persons that the returns were prepared by accountants in Miami from information furnished them by one of defendant's attorneys. The mo-

tion was denied by Chief Judge Thomsen, who held that the third and fourth counts of the indictment were not transferable, and that "Rule 21(b) does not authorize the transfer of the entire case when some of the counts are transferable and some are not," United States v. Foster, 197 F.Supp. 387, 391 (D.C.Md.1961). Chief Judge Thomsen further stated (197 F. Supp. p. 391) "[I]t is doubtful whether the first two counts are transferable under Rule 21(b) * * *." An unsuccessful effort to obtain review of Chief Judge Thomsen's ruling in this regard as well as others was undertaken by way of mandamus, United States v. Foster, 296 F.2d 249 (4 Cir., 1961).

Defendant went to trial and was convicted on the first two counts of the indictment, but found not guilty on counts 3 and 4. From judgment entered on the first two counts he appealed, and his conviction was reversed on an evidentiary point, and the case remanded for new trial, United States v. Foster, 309 F.2d 8 (4 Cir., 1962). Notwithstanding that, in the unsuccessful mandamus action, the United States Court of Appeals for the Fourth Circuit stated that the defendant might not then maintain a petition to require the requested transfer, but might later renew his contentions in the course of an appeal from the judgment entered on his conviction if he were convicted, defendant did not seek to litigate further the matter of the transfer when he appealed from the judgment entered on his conviction.

The mandate of the United States Court of Appeals for the Fourth Circuit was issued October 9, 1962. On September 10, 1963, after being advised that the date for new trial as ordered by the United State Court of Appeals was set for November 25, 1963, defendant moved to strike out and set aside Chief Judge Thomsen's order entered August 31, 1961 denying defendant's prior motion to transfer, and further moved to have the proceedings transferred to the United States District Court for the Southern District of Florida, pursuant to Rule 21 (b) of the Federal Rules of Criminal Procedure.

Rule 21(b) permits the transfer of a proceeding to another district or division "* * * if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged." Though perhaps unnecessary to the essence of his ruling denying the original motion to transfer, Chief Judge Thomsen expressed doubt that the first and second counts of the indictment, as particularized and to the extent that matters other than the formal indictment and the bill of particulars might be considered, charged crimes committed both within the District of Maryland and the Southern District of Florida. He said, in 197 F.Supp. 387, p. 390 (1961):

"Rule 21(b), F.R.Crim.P., supra, requires that the facts showing 'that the offense was committed in more than one district' shall appear 'from the indictment or information or from a bill of particulars'. That requirement has been waived in certain cases, e. g. in United States v. Warring, D.Md., 121 F.Supp. 546, affirmed 4 Cir., 222 F.2d 906, certiorari denied 350 U.S. 861, 76 S.Ct. 102, 100 L.Ed. 764, where the government conceded that the facts stated by the defendant's counsel were true. In the case at bar the government has refused to include in a bill of particulars or otherwise to concede that the returns were prepared or signed in Florida. Because an attorney for defendant stated in a letter dealing with his civil liability, 'there is absolutely no connection between Miami and my client', and the various affidavits do not admit that any evasive act was committed or intention formed in Florida, or else-

where, I cannot say that the government is not justified in refusing to admit the statements upon which defendant relies. Nor can I consider that they have been sufficiently established to satisfy Rule 21(b).

"There remains only the particular that the return was mailed from Miami, Florida. It does not appear that defendant was there at the time it was mailed or had directed whence it should be mailed. In view of the general statements in Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418, and United States v. Johnson, 319 U.S. 503, 515, 63 S.Ct. 1233, 87 L.Ed. 1546, it may be that the mailing constituted an act in furtherance of the attempt. However, in view of Judge Chesnut's opinion in Warring, supra, and of Bowles v. United States, 4 Cir., 73 F.2d 772, 774, United States v. Aaron, N.D.W.Va., 117 F.Supp. 952, and the dissenting opinion of Judge Miller in United States v. United States District Court, 6 Cir., 209 F. 2d 575, 577, it is not certain that the mailing of the return was a part of the offense charged in the indictment, which specified only one manner, namely, 'by filing or causing to be filed with the Director of Internal Revenue at Baltimore, Maryland, a false and fraudulent joint income tax return'. It is doubtful, therefore, whether the offense charged in Count 1 was 'committed' in the Southern District of Florida. On the other hand, it is clear, indeed conceded, that it was committed in the District of Maryland. Bowles v. United States, supra; United States v. Warring, supra."

Thus, Chief Judge Thomsen intimated, although he did not decide, that where the crime charged is the "filing or causing to be filed with the District Director of Internal Revenue at Baltimore, Maryland, a false and fraudulent joint income tax return" venue lies only in the District of Maryland, but, in any event, in the case at bar, the indictment and the particulars failed to disclose how the crime charged can also be said to have been committed in the Southern District of Florida.

Defendant urges that the Court reexamine the line of decisions following United States v. Warring, 121 F.Supp. 546 (D.C.Md.1954), that the mailing did not constitute a part of the offense charged and reach a contrary conclusion, and that the Court decide the sufficiency of the indictment and bill of particulars to charge the commission of crimes in both districts. In support of both contentions, defendant urges the majority view in United States v. United States District Court, 209 F.2d 575 (6 Cir., 1954); United States v. Albanese, 224 F. 2d 879 (2 Cir., 1955); Ashe v. United States, 288 F.2d 725 (6 Cir., 1961); and Kowalsky v. United States, 290 F.2d 161 (5 Cir., 1961).

Examination of defendant's authorities indicates that to the extent they state broad principles of law there may be some conflict between them and the line of cases cited by Chief Judge Thomsen. Factually, they give little help in deciding defendant's second contention, namely, the sufficiency of the indictment and particulars to charge a crime committed in two jurisdictions, because they are so obviously distinguishable from the case at bar.*

* In United States v. United States District Court, supra, the bill of particulars averred that "all acts showing wilful intent" occurred in the district to which the transfer was made, "except the technical filing of the returns," which were filed in the district in which the indictment was returned. In United States v.

Albanese, supra, the indictment charged an attempt to evade taxes by "preparing, causing to be prepared, and causing to be mailed," a false and fraudulent return in one district and by "filing and causing to be filed" the same return in another district. It was held that venue lay in the first district, although the case did

In the view which I take of defendant's present motion, it is unnecessary to decide defendant's first contention, because I agree with Chief Judge Thomsen that I should consider only the indictment and the bill of particulars in deciding the motion, and that the indictment and the particulars are insufficient to show defendant is charged with commission of a crime in the Southern District of Florida in the absence of any statement to show defendant was there when the returns were mailed, or directed from where they should be mailed.

Moreover, I also conclude, even if the crime of wilful attempt to evade and defeat income tax by filing or causing to be filed with the Director of Internal Revenue at Baltimore, Maryland false and fraudulent joint income tax returns legally and factually can be said to have been committed both within the District of Maryland and the Southern District of Florida, that the facts in the case at bar demonstrate that it would not be in the interest of justice to transfer the case to the Southern District of Florida. I reach this conclusion for several reasons:

1. By reason of the fact that defendant has had a full opportunity to obtain consideration and ruling on all of his assignments of error in the original trial of his case, the rules of evidence and the scope and content of the Court's charge have become fixed and certain. Whether a district court in another circuit would be disposed to follow them or, indeed, whether it would consider itself bound by a contrary precedent of the United States Court of Appeals to which it owes obedience, or whether the United States Court of Appeals for another circuit would agree or differ with the United States Court of Appeals for the Fourth Circuit is problematical, and I do not believe that it is in the interest of justice to permit the possibility of these differences to arise, and to introduce this degree of uncertainty into what the Government and the defendant contemplate will be the rules governing the conduct of the second trial.

2. The second trial is currently scheduled to begin November 25, 1963. Counsel for the Government states that the Government has begun preparations for trial, and will be prepared to go forward on that date. Defendant's motion to transfer has been made eleven months and one day after the new trial ordered by the United States Court of Appeals for the Fourth Circuit. While some delay on the part of a defendant in filing such a motion is understandable if the Government has not taken any action to schedule a retrial, the lateness of the motion here gives rise to the surmise that its main purpose is for delay. The interests of justice are more advanced by prompt and speedy trials than by dilatory tactics on the part of defendants.

3. The matter of convenience of witnesses for the parties, as urged by the defendant as a reason for transfer is not one of real moment. At the original trial, out of twenty-six witnesses called by the Government, ten resided in Florida. Nine, however, resided in the District of Columbia, Maryland, New Jersey, New York, and Ohio; and the remainder resided in Arizona, California, New Mexico, and Utah—places as equally convenient (or inconvenient) to Baltimore as to Florida. At the hearing on this motion, counsel for the Government has stated that one of its main witnesses, who previ-

not arise under Rule 21(b). Ashe v. United States, supra, is like United States v. United States District Court, supra, and transfer was made to the district where "all acts of defendant showing wilful and fraudulent intent * * * except for the technical filing" took place.

In Kowalsky v. United States, supra, venue was sustained in the jurisdiction in which defendant resided and the indictment charged that he fraudulently prepared the return, even though the return was filed in another district.

ously resided in Florida, is currently being transferred to the District of Columbia, so that the previous slight balance, if any, to Florida has now been redressed. The witnesses for the defendant at the original trial resided in Florida, Costa Rica, and Venezuela. They numbered twelve, but two of them were witnesses who appeared for the Government, and two others resided in Maryland, while the remaining two resided in California. Thus, defendant's claim of inconvenience is limited to only six witnesses.

Aside from the question of residence and the distance which the majority of the witnesses will be required to travel to attend on the trial, the duration of the trial must also be considered. Unquestionably, the fact that the case has been previously tried will shorten the duration of the retrial markedly, but it cannot be supposed that a retrial in a court having had no previous experience with the case, and not being guided by fixed rules of evidence and instructions, will experience a shortening of the duration of retrial to the same extent. I conclude, therefore, that whatever inconvenience certain witnesses may be subjected to by attendance upon a trial at Baltimore will be, at least partially, outweighed by the brevity of their attendance.

4. Exclusive of the time required for preparation and presentation of appellate proceedings, the trial of the present case consumed fifteen trial days, of which thirteen full days were devoted to the presentation of testimony. On its merits, and in the mandamus proceeding to obtain interlocutory review, the case has been considered by the United States Court of Appeals for the Fourth Circuit twice. If I were to decide to transfer the case to the Southern District of Florida, of necessity, I would be required to decide defendant's first contention, about which Chief Judge Thomsen so convincingly has demonstrated that there is doubt, in favor of defendant. Unless a motion to transfer is otherwise meritorious, I conclude that it is not in the public interest that this doubtful issue be introduced into the litigations.

Defendant's motions to strike, and to transfer, be, and they are hereby, denied.